UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 14, 2005
Decided November 15, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-1862

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>RAMIRO G. MARTINEZ,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Western District of Wisconsin<br><br>No. 04-CR-184-S-01<br><br>John C. Shabaz,<br>*Judge.* |

**O R D E R**

Ramiro Garcia Martinez pleaded guilty to one count of possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), and was sentenced to 82 months' imprisonment and five years' supervised release. Appointed counsel filed a notice of appeal but now moves to withdraw because he cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We informed Martinez of his right to respond to counsel's motion, *see* Cir. R. 51(b), but he has not replied. Counsel's brief is facially adequate, so we confine our review to the potential issues he identifies. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

Counsel focuses on Martinez's sentence, first identifying two potential issues relating to the calculation of the advisory guideline range. He considers arguing that the drug quantity—at least 710.7 grams of cocaine—was calculated incorrectly. Martinez stipulated in his plea agreement that the government could prove he possessed between 400 and 500 grams of cocaine, but the probation officer who prepared the presentence investigation report calculated the larger quantity based on statements from an informant and four controlled buys that had occurred during the course of the investigation. Martinez objected to the drug quantity in the PSR but later withdrew the objection; thus, he waived his right to challenge the calculation, *see United States v. Staples*, 202 F.3d 992, 995 (7th Cir. 2000). We agree that it would be frivolous to challenge the drug quantity on appeal.

Counsel next considers challenging the district court's application of the two-level upward adjustment under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm in connection with a drug offense. Given that police recovered a handgun and rifle along with more than 400 grams of cocaine from Martinez's auto repair shop—the base of his drug selling operation—we agree that it would be frivolous to argue that the district court erred by applying § 2D1.1(b)(1). As we have often stated, "guns found in close proximity to drug activity are presumptively connected to that activity." *United States v. Bothun*, 424 F.3d 582, 586 (7th Cir. 2005) (internal quotation marks and citations omitted); *United States v. Corral*, 324 F.3d 866, 873 (7th Cir. 2003). Moreover, Martinez did not present any evidence compelling the district court to find it "clearly improbable" that the two firearms were related to his drug trafficking. *See* § 2D1.1, cmt. n.3; *Bothun*, 424 F.3d at 586.

Counsel also concludes that it would be frivolous to argue that Martinez's sentence runs afoul of the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005). We agree that Martinez could not plausibly maintain that his sentence is unreasonable. His sentence was imposed after *Booker* was decided, and the district court, as required, based the sentence on the advisory guidelines and the factors enumerated in 18 U.S.C. § 3553(a). *See United States v. Alburay,* 415 F.3d 782, 786-87 (7th Cir. 2005); *United States v. George*, 403 F.3d 470, 472-73 (7th Cir. 2005). The district court imposed a sentence within the advisory guideline range, which we take to be properly computed because there is no nonfrivolous basis for challenging the district court's calculation. The sentence is therefore presumed reasonable, s*ee United States v. Williams,* 425 F.3d 478, 481 (7th Cir. 2005); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), and counsel identifies no basis for rebutting the presumption.

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.