UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 9, 2006
Decided March 10, 2006

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-3014

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | No. 04-CR-210-S-02 |
| JESSICA HENDERSON, *Defendant-Appellant*. | John C. Shabaz, *Judge.* |

**O R D E R**

Jessica Henderson pleaded guilty to attempting to manufacture methamphetamine. *See* 21 U.S.C. §§ 846, 841(a)(1). She and her boyfriend manufactured the drug in rural Wisconsin for a year-and-a-half before authorities ended their operation. After the Supreme Court issued its decision in *United States v. Booker*, 125 S.Ct. 738 (2005), the district court sentenced Henderson within the recommended imprisonment range to 116 months to be followed by 3 years' supervised release. Henderson filed a notice of appeal, but her appointed lawyer now moves to withdraw because he cannot discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738 (1967). We notified Henderson that she could respond to counsel's motion, *see* Cir. R. 51(b), but she has not. Because

counsel's supporting brief is facially adequate, we review only the potential issues it identifies. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

Henderson has expressed no interest in having her guilty plea set aside, so counsel appropriately avoids any discussion about the adequacy of her guilty plea colloquy or the voluntariness of her plea. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Counsel instead focuses on Henderson's sentence, identifying potential issues concerning the district court's application of the sentencing guidelines and its underlying factual determinations. Counsel first considers arguing that the court abused its discretion when it looked to the sentencing guidelines for advice, but this potential argument would be frivolous as district courts are required to properly calculate and consult the imprisonment range recommended by the guidelines. *See United States v. Laufle*, 433 F.3d 981, 984-85 (7th Cir. 2006); *United States v. Bokhari*, 430 F.3d 861, 863 (7th Cir. 2005). Counsel also considers whether Henderson might argue that the court's findings as to the drug quantity and criminal history score are erroneous. At sentencing Henderson had challenged the court's authority to estimate some of the amounts included in the overall drug quantity, but sentencing courts are permitted to make such estimations. *United States v. Hankton*, 432 F.3d 779, 792 (7th Cir. 2005). And because Henderson conceded at sentencing that the advisory range and criminal history score were accurately calculated she has waived any argument on these grounds. *See United States v. Souffront*, 338 F.3d 809, 837 (7th Cir. 2003); *United States v. Staples*, 202 F.3d 992, 995 (7th Cir. 2000).

Continuing with potential sentencing arguments, counsel next considers whether it would be frivolous to argue that the district court improperly evaluated the sentencing factors listed in 18 U.S.C. § 3553(a). The court took note of Henderson's education level and the fact that she was not in a gang, as well as the nature and length of her efforts to manufacture methamphetamine. The court also weighed Henderson's continued drug activity between June 2004—when she was released on bail after a shoplifting arrest—and her December 2004 arrest on the current charge. It would be frivolous to argue that the court's consideration did not adequately address the § 3553(a) factors. *See, e.g., United States v. Vaughn*, 433 F.3d 917, 924-25 (7th Cir. 2006); *United States v. Williams*, 425 F.3d 478, 480 (7th Cir. 2005).

Finally, counsel considers arguing that the 116-month term is unreasonably long. This, too, would be a frivolous contention. The term imposed is within the advisory imprisonment range, and counsel has been unable to articulate anything in this record that rebuts the presumptive reasonableness of the term imposed. *See United States v. Brock,* 433 F.3d 931, 938 (7th Cir. 2006); *United States v. Bryant*, 420 F.3d 652, 658 (7th Cir. 2005); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.