

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-20-2006

# USA v. Dean

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4648

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Dean" (2006). *2006 Decisions.* Paper 431.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/431

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-4648

_____

UNITED STATES OF AMERICA,

v.

MICHAEL DEAN,
                              Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. Crim. No. 04-106)
District Judge: Honorable Kent A. Jordan

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 15, 2006

_____

Before: SLOVITER, WEIS and GARTH, Circuit Judges
(Filed: September 20, 2006)

1

Garth, <u>Circuit</u> <u>Judge</u>:

Michael Dean appeals his sentence as unreasonable. We have jurisdiction pursuant to 18 U.S.C. § 3742(a)(1) (authorizing the appeal of sentences "imposed in violation of law"). *See United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006).[1] For the reasons stated below, we will affirm.

I

On April 22, 2005, Dean pleaded guilty to the two indicted offenses of distribution of more than five grams of cocaine base (crack cocaine). App. 6, 8-9; 21 U.S.C. § 841(a)(1). A United States Probation Officer subsequently prepared a Presentence Investigation Report ("PSR"). The PSR discussed both Dean's personal background, including a history of drug and alcohol abuse and the fact that his IQ indicated he "functions in the borderline range of intelligence," *see* PSR ¶¶ 71-73, 78, as well as his extensive criminal record, comprised mostly of narcotics convictions, *see* PSR ¶¶ 24-57, and recommended a sentence pursuant to the sentencing guidelines. PSR ¶ 96. According to the PSR, Dean was subject to a base offense level of 32 under U.S.S.G. § 2D1.1. PSR ¶ 13. After a three-point adjustment for

---

[1] The government's argument that we lack jurisdiction to review a sentence for unreasonableness is foreclosed by our opinion in *Cooper*.

acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, Dean's adjusted offense level was 29. PSR ¶¶ 19-20. However, because he qualified as a Career Offender under U.S.S.G. § 4B1.1 due to prior drug trafficking convictions, his offense level ultimately rose to 31. PSR ¶¶ 21-23. With a Criminal History Category of VI, the PSR calculated the guideline range to be 188 to 235 months' imprisonment. PSR ¶ 86.

Dean offered several arguments to the District Court in favor of a sentence shorter than that recommended in the PSR. First, he submitted a sentencing letter and the report and testimony of Dr. Allen Tepper, a psychologist, chronicling in more detail the disadvantages Dean faced in his childhood and adolescence, including a teenaged mother, no contact with his father, an early addiction to drugs and alcohol, and illiteracy resulting from learning disabilities, limited education, and borderline mentally retarded intelligence. Letter 1-3; Report 7-8; App. 12-30. Dean emphasized that his criminal history was almost entirely non-violent and was in large part due to a longstanding drug addiction for which the criminal justice system had not provided treatment in any of his previous periods of incarceration. Letter 9.

Second, Dean maintained that the "100-to-one ratio" for offenses involving powder cocaine versus crack cocaine produced unwarranted sentencing disparities, as repeatedly noted by the Sentencing Commission.[2] Letter 5-9.

---

[2]The "100-to-one ratio" is shorthand for the fact that one hundred times more powder cocaine than crack cocaine is required for an equivalent mandatory minimum sentence. *See* 21 U.S.C. § 841.

Third, Dean argued that his sentence should not be calculated using the Career Offender provisions, because (i) several years had passed between the convictions qualifying him for Career Offender treatment and the present conviction, App. 37; (ii) the purity of the drugs involved here was relatively low, App. 36; and (iii) Dean was, he contended, not a "big drug dealer," App. 36. Finally, Dean asserted that the fact that he was over forty years old merited leniency. App. 48.

At a sentencing hearing on October 3, 2005, the District Court judge sentenced Dean to 188 months' incarceration. App. 53.

II

This Court's inquiry into the reasonableness of a criminal sentence proceeds in two parts. *See United States v. Cooper*, 437 F.3d 324, 329-32 (3d Cir. 2006). First, we ask whether the sentencing court gave "meaningful consideration" to the factors enumerated in 18 U.S.C. § 3553(a). *Id.* at 329 (citation omitted). While it is not necessary for the sentencing court to "make findings as to each of the § 3553 factors if the record makes clear the court took the factors into account in sentencing," a mere "rote statement" of the sentencing factors is insufficient in the event that a party has presented the court with a "'ground of recognized legal merit (provided it has a factual basis).'" *Id.* (quoting *United States v. Cunningham*, 429 F.3d 673, 679 (2005)).

The second step of our inquiry is to ask whether the sentencing court, having

4

considered the relevant factors, reasonably applied them to the circumstances of the case. *Id.* at 330. A great deal of deference to the sentencing court is appropriate here. *See id.* ("'[T]he question is not how we ourselves would have resolved the factors identified as relevant by section 3553(a) . . . Rather, what we must decide is whether the district judge imposed the sentence he or she did for reasons that are logical and consistent with the factors set forth in section 3553(a).'") (quoting *United States v. Williams*, 425 F.3d 478, 481 (7th Cir. 2005)). It is the party challenging the sentence that bears the burden of showing unreasonableness. *Id.* at 332.

The record here reveals that the District Court did give "meaningful consideration" to the § 3553(a) factors. First, as required by § 3553(a)(4), it calculated the sentencing range established by the guidelines. App. 43 (stating that the guidelines range is 188 to 235 months' incarceration). The District Court then acknowledged that it was not obligated to impose a sentence within that range. App. 43-44 ("I'm sure based on what you have told me already that you will argue for 188 months or fewer. And I'm prepared to hear whatever you want to say on that front.").

The District Court proceeded to consider and then formally reject Dean's arguments concerning the sentencing disparity for powder and crack cocaine offenses and the application of the Career Offender provisions, reasoning that because of Dean's lengthy "record of repeated offenses," it was appropriate in this case to defer to the policy judgments made by Congress as reflected in the Career Offender sentencing range. App. 43. The District Court continued to tailor the sentence to this particular defendant by sentencing him to the

5

shortest sentence within the guidelines range, because of Dean's "redeeming qualities" and troubled background, and Dr. Tepper's testimony that Dean functions best "within the institutional setting." App. 50-51. The District Court further noted that he would recommend that the Bureau of Prisons make educational and vocational programs available to Dean, giving him the opportunity to lead a "meaningful and productive" life upon his release from prison. App. 51.

Having concluded that the District Court did exercise its discretion here, we further find that it exercised its discretion in a reasonable manner, that is, that the sentence was imposed "'for reasons that are logical and consistent with the factors set forth in section 3553(a).'" *Cooper*, 437 F.3d at 330 (quoting *Williams*, 425 F.3d at 481).

III

For the above reasons, we will affirm the sentence.