

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-21-2006

# USA v. Hlavac

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5487

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Hlavac" (2006). 2006 Decisions. Paper 166.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/166

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-5487
_____

UNITED STATES OF AMERICA

vs.

ANDREW HLAVAC,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 05-cr-00200)
District Judge:  The Honorable Thomas M. Hardiman
_____

Submitted Under Third Circuit LAR 34.1(a)
October 27, 2006

BEFORE: SMITH, WEIS, and NYGAARD, <u>Circuit</u> <u>Judges</u>.

(Filed: November 21, 2006)
_____

OPINION OF THE COURT
_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Andrew Hlavac appeals his sentence as unreasonable. We have jurisdiction

pursuant to 18 U.S.C. § 3742(a)(1) (authorizing the appeal of sentences "imposed in

violation of law"). *See United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir.2006). For the reasons stated below, we will affirm.

## I.

Hlavac was charged with having sexual relations with a two-year old child, who had been offered to him by the child's mother. Hlavac pleaded guilty to inducing a minor to engage in illegal sexual activity (Count I) and to receipt of material depicting the sexual exploitation of a minor (Count II); violations of 18 U.S.C. § 2422(b) and 18 U.S.C. § 2252 (a)(2).

A pre-sentence investigation placed Hlavac's offense level at 31 and his criminal history category as a 1. The statutory incarceration penalties for the first count were not less than five years nor more than thirty years. A prison sentence of not less than five years nor more than twenty years was prescribed for the second count. The District Court sentenced Hlavac to 240 months' imprisonment on Count I and a concurrent sentence of 135 months imprisonment on Count II. This sentence was in excess of that calculated in the presentence investigation report.

## II.

Our inquiry into the reasonableness of a criminal sentence proceeds in two parts. *See United States v. Cooper*, 437 F.3d 324, 329-32 (3d Cir.2006). First, we are to determine whether the sentencing court gave "meaningful consideration" to the factors enumerated in 18 U.S.C. § 3553(a). *Id.* at 329 (citation omitted). Although it is not necessary for the sentencing court to "make findings as to each of the § 3553 factors if the

record makes clear the court took the factors into account in sentencing," a mere "rote statement" of the sentencing factors is insufficient in the event that a party has presented the court with a "'ground of recognized legal merit (provided it has a factual basis).'" *Id.* (quoting *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005)).

The second step of our inquiry is to determine whether the sentencing court, having considered the relevant factors, reasonably applied them to the circumstances of the case. *Id.* at 330. We are to show great deference to the sentencing court. *See id.* ("'[T]he question is not how we ourselves would have resolved the factors identified as relevant by section 3553(a) ... Rather, what we must decide is whether the district judge imposed the sentence he or she did for reasons that are logical and consistent with the factors set forth in section 3553(a).'") (*quoting United States v. Williams*, 425 F.3d 478, 481 (7th Cir.2005)). The party who is challenging the sentence bears the burden of showing its unreasonableness. *Id.* at 332.

The record here reveals that the District Court did give "meaningful consideration" to the § 3553(a) factors. As is required by § 3553(a)(4), the District Court calculated the sentencing range established by the guidelines. App. 101-102 (stating that the guidelines range is 108 to 135 months' incarceration). The District Court then acknowledged that it was not obligated to impose a sentence within that range. App. 85 ("Under the Court's interpretation of *Booker*, a sentencing judge is required to consider the applicable Guideline range in determining a sentence, but possesses broad discretion to sentence

3

based on the circumstances of each case, so long as the sentence imposed is within the statutory range and is reasonable.").

The District Court considered and then formally rejected Hlavac's arguments concerning his psychiatric dysfunction, alcoholism and sexual abuse. App. 104. Here, at the sentencing hearing the District Court engaged in a lengthy discussion of the 18 U.S.C. § 3553(a) sentencing factors. App. at 104-107. Because of the District Court's thoroughness in reviewing each of the prescribed sentencing factors, we need not recount that discussion here. Our review of the record satisfies us that the District Court examined each factor in turn, and appropriately explained how the sentence would address that factor's purpose. We are satisfied that Hlavac's sentence was reasonable.

### III.

Hlavac additionally argues that the District Court erred by not granting his request to continue the sentencing hearing once the District Court informed counsel that it was inclined to depart upward from the Sentencing Guideline's range. Federal Rule of Criminal Procedure 32(h) was created in response to the Supreme Court's decision in *Burns v. United States*, 501 U.S. 129 (1991), where the Court held that an earlier version of Rule 32 required district courts to give defendants advance notice before departing upward, *sua sponte*, from Guidelines sentences. *See United States v. Vampire Nation*, 451 F.3d 189, 195-96 (3d Cir. 2006). As we have explained, Rule 32(h) was adopted when the Guidelines were mandatory. *Vampire Nation*, 451 F.3d at 196. However, the Supreme Court made clear in *Booker* that the Guidelines are now advisory. Post-*Booker*,

4

district courts exercise broad discretion in imposing sentences, so long as they begin with a properly calculated Guidelines range, fully consider the broad range of factors set forth in 18 U.S.C. § 3553(a), and all grounds properly advanced by the parties at sentencing. *See Cooper*, 437 F.3d at 329-30.

Thus, district courts continue to consider all grounds properly advanced by the parties at sentencing, as they did in the past. Further, district courts continue to consider the Guidelines range, which is now advisory. Post-*Booker*, sentencing is a discretionary exercise, and now includes a review of the factors set forth in § 3553(a). These factors are known before sentencing. Because defendants are fully aware that district courts will consider the factors set forth in § 3553(a), there is no element of "unfair surprise." *See United States v. Walker*, 447 F.3d 999, 1007 (7th Cir. 2006) (observing that "defendants are on notice post-*Booker* that sentencing courts have discretion to consider any of the factors specified in § 3553(a)"). Thus, "[n]ow that *Booker* has rendered the Guidelines advisory, the concerns that animated the Court's decision in Burns no longer apply." *Walker*, 447 F.3d at 1006. Given that defendants are aware that courts will consider the broad range of factors set forth in § 3553(a) at sentencing, we perceive none of the "unfair surprise" considerations that motivated the enactment of Rule 32(h).

IV.

Having concluded that the District Court did properly exercise its discretion, we further conclude that the sentence was imposed "'for reasons that are logical and

5

consistent with the factors set forth in section 3553(a).'" *Cooper*, 437 F.3d at 330

(*quoting Williams*, 425 F.3d at 481).