In the

# United States Court of Appeals
## For the Seventh Circuit

No. 03-4091

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

AMIN W. WILLIAMS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 03 CR 65–**John C. Shabaz**, *Judge.*

OCTOBER 6, 2005

Before BAUER, ROVNER, and WILLIAMS, *Circuit Judges.*

ROVNER, *Circuit Judge.* Amin Williams pleaded guilty to unlawfully possessing a firearm following a felony conviction, *see* 18 U.S.C. § 922(g)(1), and the district court ordered him to serve a prison term of 115 months, the top of the sentencing range specified by the United States Sentencing Guidelines. In our opinion of June 9, 2005, we upheld Williams' conviction against an as-applied constitutional challenge to the felon-in-possession statute and found no plain error in any of the findings that the district court rendered at sentencing. *United States v. Williams*, 410 F.3d 397 (7th Cir. 2005). We withheld judgment as to whether Williams' sentence constituted plain Sixth Amendment error under *United States v. Booker*, 125 S. Ct. 738 (2005),

pending the outcome of a limited remand to the district court allowing the sentencing judge an opportunity to determine whether he would have imposed the same sentence on Williams knowing that the Sentencing Guidelines are to be treated as advisory rather than mandatory. *See id.* at 764-65; *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005), *cert. denied*, 2005 WL 1304753 (U.S. Oct. 3, 2005).

By way of a written entry on remand, Judge Shabaz has now informed us that he would be inclined to impose the same 115-month sentence on Williams notwithstanding the broader discretion in selecting a sentence that the judge would enjoy today if we were to vacate the judgment and remand for re-sentencing. R. 52. We must therefore determine whether the 115-month sentence is "reasonable." *See Paladino*, 401 F.3d at 484, citing *Booker*, 125 S. Ct. at 765. If it is, then any Sixth Amendment error that occurred in the sentencing process did not affect his substantial rights and therefore did not constitute plain error. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). We have received and considered statements of position from both Williams and the government in response to the district court's entry.

Williams' sentence lies within the Guidelines range, and there is no longer any contention that the district court made any error in resolving the various factors that established his offense level and the resulting sentencing range. We therefore presume that the sentence is reasonable. *Id.* In order to rebut the presumption, Williams must show that his sentence is unreasonable in light of the factors identified in 18 U.S.C. § 3553(a). *Id.*

As is evident from the district court's memorandum entry, Judge Shabaz has considered the sentencing factors set forth in section 3553(a). The judge noted that when he sentenced Williams, he considered the seriousness of the

offense as well as the goals of deterring criminal conduct, protecting the public, and providing Williams with structure that will help him become law-abiding. R. 52 at 2. On remand, Judge Shabaz took those same factors into consideration, and again concluded that a substantial sentence was called for to reflect the gravity of Williams' criminal conduct and "to hold defendant accountable and to protect the community from further criminality on his part." *Id.* The judge also considered Williams' character and history, noting that he "was raised in a very rough environment where most of the adults in his life were involved in criminal activity" (the record indicates that Williams' parents, as well as his aunts and uncles, were involved in a gang) and that he "suffers from mental illness" (he has been diagnosed as suffering from an unspecified psychotic disorder and what is described as "intermittent explosive disorder," and he was complying with a regimen of antipsychotic and anti-depressant medications at the time of his sentencing). *Id.* at 3. However, the judge found that "[t]hese factors are counterbalanced by the defendant's past criminal conduct and his continued violation of the law." *Id.* "Considering all these factors," Judge Shabaz concluded, "a sentence at the top of the advisory guidelines [range] is reasonable and necessary for the statutory purposes of sentencing." *Id.*

Williams points out that Judge Shabaz did not expressly address all of the section 3553(a) factors on remand. Our cases make clear, however, that although the sentencing judge is required to consider the statutory factors, *see United States v. Dean*, 414 F.3d 725, 728 (7th Cir. 2005) ("now that [the Guidelines] are advisory, while section 3553(a) remains unchanged, judges will have to consider the factors that the section tells them to consider"), the judge need not discuss and make findings as to each of these factors, *see United States v. George*, 403 F.3d 470, 472-73 (7th Cir. 2005) ("[j]udges need not rehearse on the

record all of the considerations that 18 U.S.C. § 3553(a) lists"); *Dean*, 414 F.3d at 728-30. It is enough that the record confirms that the judge has given meaningful consideration to the section 3553(a) factors, and the record supplies us with that assurance here.

Williams goes on to contend that his sentence is unreasonable both because the district court overstated the gravity of his offense and because the court did not give adequate consideration and weight to the mitigating factors that suggest a lesser term in prison would be appropriate. The court described the offense so as to make it appear more serious than it was, in Williams' view, when it stated that at the time of his arrest, Williams "was in possession of a stolen Smith and Wesson .44 magnum revolver which was equipped with a scope and loaded with six rounds of ammunition." R. 52 at 2. In fact, Williams represents, he was not "in possession" of the gun at the time of his arrest. The record indicates that Williams acknowledged having looked at the gun and touched it before either handing it back to another individual or returning it to the location where someone else had left it for safekeeping in his aunt's residence. Thus, in Williams' own view, his offense conduct "was as minor as it could possibly be and still qualify for conviction under 18 U.S.C. § 922(g)(1)." Williams' Position Statement at 8. In addition, Williams suggest that the following factors mitigate in favor of a lesser sentence: he had a rough childhood, surrounded by parents, aunts, and uncles who were all involved in a gang; he has the previously-mentioned mental illness which, in part, renders him unable to control violent impulses; he has a long history of alcohol and drug abuse for which he received no treatment until his arrest in this case; although a Wisconsin state court, in sentencing Williams for state charges that were pending at the time of his sentencing in 2003, sought to make the sentences concurrent to his federal sentence, the Federal Bureau of Prisons will not honor that

intent, portending additional time in prison; and finally, pursuant to the firearms possession provision of the Sentencing Guidelines, Williams' prior convictions have been considered in establishing his offense level as well as his criminal history category. *See* U.S.S.G. § 2K2.1(a)(2) (requiring a base offense level of 24 if the defendant possessed a firearm "subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense").

Deciding whether or not the sentence imposed by the district court is reasonable entails deferential review. *Mykytiuk*, 415 F.3d at 608; *see also United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005), *cert. denied*, 2005 WL 816208 (U.S. Oct. 3, 2005). The question is not how we ourselves would have resolved the factors identified as relevant by section 3553(a)—"many [of which] are vague and, worse perhaps, hopelessly open-ended," *Dean*, 414 F.3d at 729—nor what sentence we ourselves ultimately might have decided to impose on the defendant. We are not sentencing judges. Rather, what we must decide is whether the district judge imposed the sentence he or she did for reasons that are logical and consistent with the factors set forth in section 3553(a). As we have noted, a sentence imposed within a properly calculated Guidelines range is presumptively reasonable. *Mykytiuk*, 415 F.3d at 408. We have left room for the possibility that there will be some cases in which a sentence within the Guidelines range, measured against the factors identified in section 3553(a), stands out as unreasonable. But those cases, as we said in *Mykytiuk*, will be rare. *Id.*

Having considered the arguments that Williams' able counsel has made in his behalf, we cannot conclude that the sentence imposed on Williams is unreasonable. We may assume without deciding that the factors Williams' attorney has identified would support a sentencing judge's discretionary decision to impose a sentence that was lower in the

range specified by the Guidelines, if not outside of that range altogether. But the factors are not so compelling as to require a lesser sentence. We acknowledge that Williams had a difficult childhood and that he suffers from psychological problems, including drug and alcohol dependency, that likely account for much of his criminal history. But that history is, as Judge Shabaz noted, extraordinarily substantial for someone as young as Williams and it includes convictions for crimes of violence. Williams' unlawful possession of a loaded firearm—however brief or minimal it may have been—itself carried with it a concrete potential for further violence, given Williams' difficulty with impulse control, his substance abuse, and his history of repeated criminal acts. One can, in short, view the instant offense as a grave harbinger of further trouble and further violence on Williams' part and of the need for a very substantial sentence that will account for the gravity of his criminal history, deter Williams and others from committing similar crimes, protect the public, and allow a substantial period of time apart from society for Williams to address his psychological problems and rehabilitate himself.

For these reasons, we AFFIRM Williams' sentence as a reasonable one.

A true Copy:

       Teste:

                                _____

                                *Clerk of the United States Court of Appeals for the Seventh Circuit*