**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

March 3, 2006

Before

Hon. WILLIAM J. BAUER, Circuit Judge

Hon. RICHARD A. POSNER, Circuit Judge

Hon. ILANA DIAMOND ROVNER, Circuit Judge

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　Plaintiff-Appellee,<br><br>No. 04-1981　　　　　　　v.<br><br>SINFORIANO GANDARILLA-OLEA,<br>　　　Defendant-Appellant. | ] Appeal from the United<br>] States District Court for<br>] the Southern District of<br>] Illinois.<br>]<br>] No. 03 CR 40065<br>]<br>] J. Phil Gilbert,<br>]　　　Judge. |

Sinforiano Gandarilla-Olea challenged his 77-month sentence for illegal re-entry after being deported for an aggravated felony. Based on the parties joint motion, we ordered a limited remand under the terms set forth in *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005), for a determination whether the district court would have imposed the same sentence had it understood that the guidelines were advisory. *See United States v. Booker*, 543 U.S. 220 (2005).

The district court has now replied that it would today impose the same sentence, knowing of the Guidelines' advisory status. The parties were offered the opportunity to respond before we finally resolved the appeal, and only the appellant has responded.

As Gandarilla-Olea acknowledges, his sentence is within the properly

calculated range. The sentence, therefore, is entitled to a rebuttable presumption of reasonableness. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Gandarilla-Olea contends that his sentence is unreasonable when measured against the sentencing factors identified in 18 U.S.C. § 3553(a). In particular, he claims that the district court placed too much emphasis on the nature and circumstances of his offense and adequate deterrence to further criminal conduct, diminishing the importance of the other factors set forth in § 3553(a). He further argues that the district court gave too much weight to the guidelines because it focused on whether a departure from the guidelines was warranted.

The district court, however, specifically acknowledged the advisory nature of the guidelines and explained that it had considered the factors identified in 18 U.S.C. § 3553(a). It is enough that the record confirms meaningful consideration of the types of factors that § 3553(a) identifies. *United States v. Williams*, 425 F.3d 478, 480 (7th Cir. 2005). Here, the district court explained that he considered Gandarilla-Olea's arguments relating to his family, the nature of his crime, and his cultural assimilation and cultural ties to the United States. The court then concluded that the original sentence was appropriate "in light of the factors in § 3553(a), considering the nature and circumstances of the offense by returning to the United States violating an order of deportation, his extensive criminal history, and the need to afford adequate deterrence to further criminal conduct by returning again to the United States after his likely deportation."

Because the district court would have imposed the same sentence post-*Booker* and because that sentence is reasonable, we conclude that Gandarilla-Olea's sentence was not the result of plain error. We therefore AFFIRM the judgment of the district court.