

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-31-2006

# USA v. Kosek

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3068

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Kosek" (2006). *2006 Decisions.* Paper 1025.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1025

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 05-3068 & 05-3406

UNITED STATES OF AMERICA,

v.

SCOT PETER KOSEK,

Appellant

On Appeal from the Judgments of the United States District Court
for the Middle District of Pennsylvania
(D.C. Nos. 3:CR-04-238 and 3:CR-99-00214)
District Judge: Honorable James M. Munley

Submitted Under Third Circuit LAR 34.1(a)
April 28, 2006

Before: AMBRO, FUENTES, Circuit Judges, and IRENAS,* District Judge

(Filed:  May 31, 2006)

OPINION

IRENAS, Senior United States District Judge

Appellant Scot Peter Kosek pled guilty in the Middle District of Pennsylvania of

---

* Honorable Joseph E. Irenas, Senior United States District Judge for the District of
New Jersey, sitting by designation.

knowing possession of a firearm by a felon and an unlawful user of a controlled substance, in violation of 18 U.S.C. § § 922(g) and 924(a)(2), and forcibly resisting, opposing, impeding and interfering with deputies of the United States Marshals Service while they were engaged in the performance of their official duties, in violation of 18 U.S.C. § 111(a), and also admitted two violations of his supervised release conditions following a prior conviction. Kosek appeals the sentences imposed by the District Court for these offenses. We will deny his appeals.

I.

On May 13, 2000, Kosek was sentenced to 46 months imprisonment followed by three years supervised release following his guilty plea to a bank robbery charge. He was released from custody and began his term of supervised release on February 4, 2003. Two of the conditions of his supervised release were that he must report to his probation officer and submit written reports every month. Kosek did not report to his probation officer or submit the required written reports in April and May, 2004.

Kosek was arrested by police officers from Plains Township, Pennsylvania, for stealing a firearm on May 10, 2004. He was charged by the Commonwealth of Pennsylvania with theft and being a felon in possession of a firearm. In an interview with a federal probation officer that day, Kosek admitted to having used a controlled substance two days earlier. The Commonwealth charges were dismissed on June 3, 2004.

A petition was filed in the Middle District of Pennsylvania on June 18, 2004,

charging Kosek with violating the conditions of his supervised release. The District Court issued an arrest warrant on June 21, 2004. The United States Marshals attempted to execute the arrest warrant on June 23 and 24, 2004, but Kosek evaded the Deputies. As a result of Kosek evading arrest, two Deputy Marshals sustained minor injuries requiring treatment at a hospital, one on each date. On June 25, 2004, the United States Marshals arrested Kosek on the warrant for the violation of the conditions of his supervised release.

A grand jury for the Middle District of Pennsylvania returned a three-count indictment on July 27, 2004, charging Kosek with possession of a stolen firearm, possession of a stolen firearm by a felon, and resisting a federal officer. Pursuant to a written plea agreement, Kosek pled guilty on March 7, 2005, to a two-count superseding indictment, which charged him with violating § § 922(g), 924(a) and 111(a), and on June 14, 2005, he also admitted guilt for violating conditions of his supervised release.

In the plea agreement, the Government agreed to recommend that the District Court impose the minimum prison term within the applicable Sentencing Guidelines ranges for both the charges within the indictment and the violation of the conditions of Kosek's supervised release, with the sentences to run consecutively. The presentence report determined that the guidelines range for the charges within the indictment was 70 to 87 months, given Kosek's final offense level of 23 and his Category IV criminal history. The report also calculated the guidelines range for the violations of the

supervised release conditions to be 4 to 10 months.

On June 14, 2005, the Middle District of Pennsylvania imposed consecutive sentences of 80 months imprisonment for the crimes charged in the superseding indictment, and 6 months for the violation of the conditions of Kosek's supervised release. District Judge James M. Munley also ordered Kosek to pay restitution for the medical bills of the two injured Deputy Marshals, and recommended that Kosek be placed in a 500 hour drug treatment program.

Kosek timely filed notices of appeal of both sentences. By Order dated July 14, 2005, this Court consolidated his appeals "for all purposes." (App. at 5.)

## II.

This Court has jurisdiction to review the sentences imposed by the District Court pursuant to 18 U.S.C. § 3742(a)(1), which authorizes the appeal of sentences imposed in violation of law. *United States v. Cooper*, 437 F.3d 324, 327 (3d Cir. 2006) ("We believe an unreasonable sentence is 'imposed in violation of law' under 18 U.S.C. § 3742(a)(1)."). Because Kosek did not object to the District Court's failure to articulate its consideration of the § 3553(a) factors at the sentencing hearing, we review the District Court's decision for plain error. *United States v. Olano*, 507 U.S. 725 (1993).

## III.

In *United States v. Booker*, the Supreme Court held that "[t]he district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them

into account when sentencing." 543 U.S. 220, 264 (2005). "[D]istrict courts must

impose sentences that promote the 'sentencing goals' listed in 18 U.S.C. § 3553(a)."

*Cooper*, 437 F.3d at 325-26 (*quoting Booker*, 543 U.S. at 259). Kosek contends that the

sentences imposed here were unreasonable because the District Court did not explicitly

articulate its consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a).[1] We

---

[1]In relevant part, § 3553(a) provides:
> (a) Factors to be considered in imposing a sentence. – The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider–
> > (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> > (2) the need for the sentence imposed–
> > > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > > (B) to afford adequate deterrence to criminal conduct;
> > > (C) to protect the public from further crimes of the defendant; and
> > > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> > (3) the kinds of sentences available;
> > (4) the kinds of sentence and the sentencing range established for–
> > > (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–
> > > . . .
> > > (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements. . . ;
> > (5) any pertinent policy statement–

disagree.

In *Cooper,* this Court held that a district court need not "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." 437 F.3d at 329; *see also United States v. Williams*, 425 F.3d 478, 480 (7th Cir. 2005). "There are no magic words that a district judge must invoke when sentencing, but the record should demonstrate that the court considered the § 3553(a) factors and any sentencing grounds properly raised by the parties which have recognized legal merit and factual support in the record." *Id.* at 332.

The record demonstrates that the District Court gave "meaningful consideration" to the § 3553(a) factors in sentencing Kosek to a total sentence of 86 months imprisonment, even though it did not explicitly discuss the factors as though they were a checklist. *Id.* at 329. Judge Munley stated that he considered the § 3553(a) factors. (App. at 116-17.) He also discussed in detail the current offenses, as well as Kosek's family background, criminal history, and drug dependence. (*See* App. at 113-18.) Furthermore, the District Court also stated "[y]ou have got to pay for all these other things that you have done, and I can't send out the wrong kind of message to the people that live in our community." (App. at 117.) The District Court's consideration of the

---

. . .
(6) the need to avoid unwarranted sentence disparities among
defendants with similar records who have been found guilty
of similar conduct; and
(7) the need to provide restitution to any victims of the
offense.

6

§ 3553(a) factors is also reflected in the drug treatment recommendation and the restitution order.

Moreover, the District Court is not obligated to discuss why it chose a sentence in the middle rather than at any other point of the guidelines range, as neither of the guidelines ranges applicable here exceeded 24 months. *See* 18 U.S.C. § 3553(c)(1) (sentencing court must state reasons for imposing sentence at a particular point in the sentencing range only where the range exceeds 24 months).

Taken as a whole, the record shows that the District Court adequately considered the § 3553(a) factors, and thus the sentences were not unreasonable or imposed in violation of law.

## IV.

For the reasons set forth above, the sentences imposed by the Middle District of Pennsylvania are affirmed.