**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

June 23, 2006

**Before**

Hon. JOEL M. FLAUM, *Chief Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Nos. 03-2299, 03-3167, 03-3765,
& 04-1238

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    *v.*

DEON T. GANTT, CHAD M.
CARRICO, WILFREDO BARRIOS,
and JOSE R. VIGIL,
    *Defendants-Appellants.*

Appeals from the United
States District Court for the
Southern District of
Indiana, Evansville Division.

No. 02 CR 02

Richard L. Young, *Judge.*

ORDER

We ordered a limited remand to ask whether the district judge, had he known the sentencing guidelines were advisory, would have imposed the same sentence on Deon Gantt, Chad Carrico, Wilfredo Barrios, and Jose Vigil. *See United States v. Booker*, 125 S. Ct. 738 (2005); *United States v. Paladino*, 401 F.3d 471, 484 (7th Cir. 2005). He answered that he would.

We invited the parties to respond, and the defendants did in a consolidated manner. The defendants summarily ask us to revisit all of the issues previously raised in their appeals, which we will not do. The defendants also claim–without elaboration

or support–that "the district court abused its discretion in light of the factors set forth in 18 U.S.C. § 3553." We will uphold sentences on *Paladino* remand if the district judge gave "meaningful consideration" to the statutory factors. *United States v. Williams*, 425 F.3d 478, 480 (7th Cir. 2005). Here, the court issued a separate order for each defendant, and in each instance the district court reaffirmed its sentencing rationale. Because each of the sentences were within properly calculated guidelines ranges, they are presumptively reasonable. *United States v. Mytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). The defendants do not articulate a challenge to the reasonableness of their sentences, and we see no basis for error. The sentences are AFFIRMED.