UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 12, 2006
Decided December 22, 2006
Amended January 17, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-2087

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee,* | District Court for the Southern |
| | District of Illinois |
| *v.* | |
| | No. 4:05CR40072-001-JPG |
| KEVIN PHILLIPE, | |
| *Defendant-Appellant.* | J. Phil Gilbert, |
| | *Judge.* |

**ORDER**

Kevin Phillipe pleaded guilty to using a computer to transport and ship child pornography in interstate commerce, 18 U.S.C. § 2252A(a)(1). The district court sentenced Phillipe to 210 months' imprisonment. On appeal, Phillipe argues that the district court did not adequately consider his personal characteristics and his need for access to psychiatric counseling. Because the record indicates that the court considered the relevant factors under 18 U.S.C. 3553(a), we affirm.

Phillipe was arrested for using the internet to collect and trade child pornography. He used his computer to automatically download over 15,000 images from a network that trafficked in child pornography, and he allowed others in the

network to obtain images from his computer. After he pleaded guilty, the probation officer calculated a guidelines range of 210 to 240 months' imprisonment.

At sentencing the court considered evidence and testimony about Phillipe's personal history and characteristics. Phillipe submitted letters from friends and family urging that he be allowed to attend therapy, describing his traumatic childhood and his parents' divorce, and noting his regular church attendance and membership in his church's youth group when he was a child. A psychiatrist who testified on behalf of Phillipe characterized him as a pedophile, but added that he was "very treatable" if treated soon. The psychiatrist added that the best therapy options for Phillipe's conditions were offered as part of an intensive program at a Bureau of Prisons facility in North Carolina, though access to the intensive program was restricted to inmates serving the last three years of their sentence (such treatment would therefore not be available to Phillipe for fourteen years because his guidelines range would run for more than seventeen years).

Phillipe requested a 60-month sentence (the statutory minimum) so that he could have access to the treatment program as soon as possible. The court noted its concern about Phillipe's employment at a carnival, and that his willingness to work near children may indicate that he poses a danger to the public if he were to take "the next step of actually acting" on his fantasies. The court also acknowledged Phillipe's difficult family situation, but noted that his situation did not excuse his actions. The court recounted several § 3553(a) factors, such as the seriousness of the offense, the need to promote respect for the law and deter future criminal conduct, the need to "provide just punishment for the offense," Phillipe's history and characteristics, and the need to provide Phillipe with medical care and psychological treatment. The court then alluded to the "stiff" sentencing range and the letters from Phillipe's friends and family, and determined that a sentence at the bottom of the guidelines range was appropriate.

On appeal, Phillipe argues that the sentencing court failed to adequately consider several § 3553(a) factors when it imposed a sentence within the guidelines range. Phillipe first contends that the court would have realized he was not a danger to society if it had more fully considered the psychiatrist's testimony. *See* 18 U.S.C. § 3553(a)(2)(C). He argues that this testimony should have convinced the court to sentence him below the guidelines range so that he could receive psychiatric treatment sooner.

A sentencing court must give meaningful consideration to the § 3553(a) factors, but the court is not required to make findings for each one. *United States v. Williams*, 425 F.3d 478, 480 (7th Cir. 2005); *United States v. George*, 403 F.3d 470, 472-73 (7th Cir. 2005). And after considering the § 3553(a) factors, the sentencing

judge is given broad discretion in imposing a sentence. *United States v. Booker*, 543 U.S. 220 (2005); *United States v. Bullion*, 466 F.3d 574, 575 (2006).

Here, the record indicates that the court did rely on the psychiatrist's testimony when considering Phillipe's need for medical treatment. The court referred to the treatment program suggested by the psychiatrist, noting that although the intensive treatment program suggested by the psychiatrist is designed for the last three years of the sentence, the entire facility specializes in helping prisoners with Phillipe's problems. It is true that the court did not specifically cite to the psychiatrist's testimony, but the court did recommend that Phillipe be detained at the North Carolina facility so that he could be closer to the program facilities that his psychiatrist recommended.

Phillipe also argues that the court did not meaningfully weigh his personal background and characteristics under § 3553(a). Specifically, he argues the court did not adequately consider the letters he submitted from his friends and family.

Although the district court said little about Phillipe's personal circumstances, it did state that it reviewed "all of the letters" and believed that Phillipe was a "Jekyll and Hyde" with his "family and church and friends." The court added generally that other § 3553(a) factors "work against" him, such as the seriousness of the offense, 18 U.S.C. § 3553(a)(2)(A), the need to promote respect for the law, *id.*, the need to provide just punishment for the offense, *id.*, and the need to provide adequate deterrence, *id.* § 3553(a)(2)(B). The record reflects that the court did consider Phillipe's personal characteristics, but weighed the other § 3553(a) factors more heavily, as it was entitled to do, *see United States v. Laufle*, 433 F.3d 981, 988 (7th Cir. 2006).

Finally, Phillipe raises the frivolous argument that the district court erred by relying on the fact that he took a job at a carnival when considering under § 3553(a) whether he posed a threat to society. He argues that the fact that he worked at the carnival to be in close proximity to children is not adequately supported by the record. It is true that the district court cannot rely on a fact that is not substantiated in the record, *see United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005), but Phillipe testified at sentencing about his employment at a carnival and that job necessitates proximity to children.

AFFIRMED.