

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-17-2008

# USA v. Howard

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4523

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Howard" (2008). *2008 Decisions.* Paper 1438.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1438

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-4523

———

UNITED STATES OF AMERICA,

v.

DAVID HOWARD,

Appellant

———

On Appeal from the Judgment of the United States District Court
for the Eastern District of Pennsylvania
(Criminal No.06-cr-00065)
District Judge: Honorable Stewart Dalzell

———

Submitted Under Third Circuit LAR 34.1(a)
February 5, 2008

Before: MCKEE, AMBRO, *Circuit Judges*, and IRENAS,* *Senior District Judge.*

(Filed March 17, 2008)

_____

    * Honorable Joseph E. Irenas, Senior United States District Judge for the District
of New Jersey, sitting by designation.

———

OPINION

IRENAS, *Senior United States District Judge.*

Appellant, David Howard, pled guilty to a one-count indictment charging possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 37 months' imprisonment, the lowest end of the Sentencing Guideline range of 37 to 46 months.[1] Howard contends that the sentence imposed was unreasonable because it violated the statutory mandate that the sentence be sufficient but not greater than necessary (the "parsimony provision"), did not adequately reflect the history and characteristics of the defendant, and relied too heavily on the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a)(1)&(6).[2] He does not challenge the calculation of the Guideline range, nor does he challenge the District Court's rejection of his request for a downward departure under the Guidelines.

I.

We review the District Court's sentencing decision for abuse of discretion. *See*

---

[1]   Howard's base offense level of 20 was reduced by 3 for acceptance of responsibility under U.S.S.G. 3E1.1(a)&(b), yielding a final offense level of 17. (App. 9, 72, 92-4). His criminal history category was IV. (Id). We have jurisdiction to review Howard's sentence under 18 U.S.C. § 3742.

[2]  18 U.S.C. § 3553(a) sets forth the "[f]actors to be considered in imposing a sentence". Subsections (1) and (6) require the court to consider: "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

*Gall v. United States*, 128 S. Ct. 586, 597-98 (2007). This review is limited to determining whether the sentence imposed was "reasonable." *Id.* at 594; *United States v. Booker,*543 U.S. 220, 125 S. Ct. 738, 764-67 (2005), *United States v. Cooper*, 437 F.3d 324, 327 (3d Cir. 2006). We consider the relevant § 3553(a) factors to decide "whether the district judge imposed the sentence he or she did for reasons that are logical and consistent with the [these] factors[.]" *Cooper*, 437 F.3d at 330 (quoting *United States v. Williams*, 425 F.3d 478, 481 (7th Cir. 2005)). A within-Guidelines sentence may be (but is not necessarily) presumed reasonable by this Court. *See Rita v. United States,* 127 S. Ct. 2456, 2462 (2007); *Gall,* 128 S. Ct. 586, 597. Appellant bears the burden of proving the unreasonableness of a sentence. *Cooper*, 437 F.3d at 332.


II.

Howard contends that his significant rehabilitation efforts during his seven month period of home detention pending sentencing render the District Court's imposition of a 37 month sentence unreasonable. Despite a lifelong dependency on alcohol, he became completely drug and alcohol free over this time, and was able to hold a steady job.

The District Court, however, considered his rehabilitation efforts. After properly calculating the Guideline range, it expressed agreement with the government that the offense was serious, given that Howard was intoxicated and carrying a gun. (App. 92-93). It also agreed with defense counsel that Howard had taken "positive steps" since the inception of the prosecution and home detention. (Id.). The District Court noted that it

3

was "particularly impressed" with a letter from Howard's co-worker attesting to the quality of his work and by his increasing level of maturity. (App. 66, 93).

Ultimately, however, the Court concluded that Howard's rehabilitation efforts were "significant" but not "unusual," and that a sentence at the bottom end of the Guideline range was in accordance with the parsimony provision, and avoided unwarranted sentencing disparities. (App. 93-94). The reasons given by the District Court in imposing a 37 month sentence are logical and consistent with the relevant § 3553(a) factors. Howard has not met his burden of demonstrating that the sentence imposed was unreasonable.

## III.

For the reasons set forth above, the judgment of the Eastern District of Pennsylvania will be affirmed.