

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-13-2008

# USA v. Newbury

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1736

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Newbury" (2008). *2008 Decisions.* Paper 1233.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1233

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1736

UNITED STATES OF AMERICA

v.

ROBERT LEE NEWBURY,
Appellant

On Appeal From the United States
District Court
For the District of New Jersey
(D.C. Crim. Action No. 05-cr-00088)
District Judge:  Hon. Mary L. Cooper

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 9, 2008

BEFORE:  BARRY and STAPLETON, *Circuit Judges*,
and RESTANI,* *Judge*

(Opinion Filed: May 13, 2008)

*Hon. Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by
designation.

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Appellant Robert Newbury pled guilty to filing a false claim with the September 11 Victims' Compensation Fund. At sentencing, he sought a downward departure or, in the alternative, a variance. The government opposed this application. The District Court sentenced Newbury to 30 months of imprisonment, which was as the bottom of the advisory Guidelines range. Before us in this appeal, he insists that this sentence was unreasonable because he presented a "unique prospect of rehabilitation" and because the District Court placed "undue emphasis on the generic need for deterrence and retribution." We will affirm.

The sentencing judge conducted Newbury's sentencing hearing and reached her ultimate conclusion in strict and sensitive accord with the governing law articulated in *Rita v. United States*, 127 S. Ct. 2456 (2007), and our decision in *United States v. Cooper*, 437 F.3d 324 (3d Cir. 2006). She explained the reasoning behind her decision at some length. That explanation (1) expressly recognized that the Guideline range was advisory only and that she was authorized to grant Newbury's probation request, (2) discussed the relevant § 3553(a) factors, including express reference to, and evaluation of, each of his arguments based on his "history and characteristics," (3) advised the parties that she was

2

confident that specific deterrence was not necessary, and (4) after weighing the relevant § 3553(a) factors, indicated that a sentence at the bottom of the Guideline range would reflect the seriousness of the offense, promote respect for the law, and provide just punishment and adequate general deterrence. The sentencing judge also expressly assured Newbury that she believed his sentence was no greater than necessary to serve those objectives.

"[W]e must decide . . . whether the district judge imposed the sentence . . . she did for reasons that are logical and consistent with the factors set forth in section 3553(a)." *Cooper*, 437 F.3d at 330 (quoting *United States v. Williams*, 425 F.3d 478, 481 (7th Cir. 2005)).[1] We conclude that she did. The judgment of the District Court will be affirmed.

---

[1]While we lack jurisdiction to review the District Court's denial of a departure, we do have jurisdiction to review the reasonableness of the sentence imposed. *Cooper*, 437 F.3d at 332-33.