**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4540**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

MARCUS MAYHEW CURRY,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., District Judge.  (1:05-cr-00282-JAB-1)

Submitted:  April 25, 2014                Decided:  May 2, 2014

Before KING, GREGORY, and AGEE, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Curry appeals the district court's imposition of 528 months' imprisonment on numerous drug trafficking and firearms counts on resentencing following our decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Curry argues that his sentence is substantively unreasonable. We vacate and remand for resentencing.

We review a sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. Curry does not argue that the district court improperly calculated the advisory Guidelines range or committed any other procedural error. See id. at 49-51 (discussing procedural reasonableness).

If there is no significant procedural error, we review the sentence for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51. If the sentence is within or below the properly calculated Guidelines range, we apply a presumption on appeal that the sentence is substantively reasonable. United States v. Yooho Weon, 722 F.3d 583, 590 (4th Cir. 2013). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v.

2

Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

On appeal, Curry's sole argument is that his sentence is not substantively reasonable based an alleged discrepancy in the imposition of his sentence. Counts 1, 2, 5, 6, 7, and 8 all had the same advisory Guidelines range. However, Counts 5 and 8 were subject to a 60-month mandatory minimum sentence. After recognizing Curry's rehabilitation efforts, the district court, without explanation, sentenced Curry to 60 months' imprisonment on Counts 5 and 8 but to a Guidelines range sentence of 168 months' imprisonment for Counts 1, 2, 6, and 7, yielding the same overall term of 528 months' imprisonment that the court had imposed during the prior sentencing. Curry alleges on appeal that the district court varied downward on Counts 5 and 8 in response to Curry's argument that he rehabilitated himself following his initial sentencing and that this argument should apply with equal to force to Counts 1, 2, 6, and 7, which are arguably less serious offenses than Counts 5 and 8.

Although the district court stated during the sentencing hearing that a Guidelines sentence on Counts 1, 2, 6, and 7 and on Counts 5 and 8 was appropriate, we conclude that Curry has rebutted the presumption of reasonableness that attaches to the Guidelines sentence for Counts 1, 2, 6, and 7 because the district court did not explain why it varied

3

downward on Counts 5 and 8 but not on the other counts. See United States v. Williams, 425 F.3d 478, 481 (7th Cir. 2005) (stating that appellate court must "decide . . . whether the district judge imposed the sentence he . . . did for reasons that are logical and consistent with the [18 U.S.C. § 3553(a) (2012)] factors"). The district court did not identify any factors distinguishing Counts 5 and 8 from Counts 1, 2, 6, and 7 other than the fact that Counts 5 and 8 were subject to mandatory minimum sentences. Therefore, we conclude that it is necessary to remand to the district court for resentencing. In so doing, we offer no opinion on what Curry's proper sentence on remand should be.

Accordingly, we vacate the district court's judgment and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED

4