

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2008

# USA v. Recio

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5185

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Recio" (2008). *2008 Decisions.* Paper 1664.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1664

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No.  06-5185
_____

UNITED STATES,

v.

ROBERTO RECIO,
                                        Appellant.


On Appeal from the United States District Court
for the Middle District Of Pennsylvania
No. 06-cr-150-1
District Judge: Honorable Christopher C. Conner



Submitted Under Third Circuit LAR 34.1(a)
January 14, 2008

Before: FUENTES and JORDAN, Circuit Judges,
and RUFE*, District Judge.


(Filed:  January 30, 2008)

_____

   *  Honorable Cynthia M. Rufe,  Judge of the United States District Court for the
   Eastern District of Pennsylvania, sitting by designation.
   _____

OPINION OF THE COURT

RUFE, <u>District Judge</u>.

Defendant-Appellant Roberto Recio appeals his within-guidelines sentence of eighty-six months' imprisonment, claiming it is unreasonable. He contends the District Court improperly applied the sentencing factors set forth in 18 U.S.C. § 3553(a), and failed to take into account his acceptance of responsibility and assistance to the government after arrest. The record demonstrates that the District Court reasonably applied the § 3553(a) factors in light of the circumstances of this case, and adequately addressed all non-frivolous arguments presented by Recio at sentencing. Accordingly, we find Recio's arguments to be without merit, and we will affirm the sentence.

I.

As we write for the parties, our recitation of the facts will be brief. Sometime prior to March 2006, Recio contacted a confidential informant of the United States Drug Enforcement Agency in an attempt to arrange for the purchase of forty-five kilograms of cocaine and five kilograms of heroin. In early March 2006, after multiple telephone conversations and a face-to-face meeting, Recio and the informant agreed on terms. In the deal, Recio would be fronted forty-five kilograms of cocaine hydrochloride and five kilograms of heroin in exchange for payment of a $120,000 "transportation fee" and an agreement to drive the drugs to New York, where he would pay for them. The purchase was to be consummated on March 22, 2006, in West Hanover Township,

Pennsylvania. On that date, Recio arrived at the agreed-upon meeting place with two other men, Luis Ramos and Henry Castillo. After the three men spoke with the informant and showed him the cash they had brought, law enforcement agents descended upon and arrested Recio, Ramos and Castillo.

In August 2006, Recio pleaded guilty to a one-count Indictment charging him and co-defendants Ramos and Castillo with conspiracy to distribute and possess with intent to distribute approximately five kilograms of heroin and forty-five kilograms of cocaine hydrochloride, in violation of 21 U.S.C. § 846. Pursuant to 21 U.S.C. §§ 846 & 841(b)(1)(C), the offense carried with it a maximum term of imprisonment of twenty years, or two hundred and forty months. Recio's sentencing was deferred for preparation of a Pre-Sentence Investigation Report ("PSR"). At the sentencing on December 14, 2006, the District Court confirmed that Recio, with his attorney, had reviewed and completely understood the PSR. Neither party objected to the PSR, and the court adopted its findings and advisory guidelines computations.

Recio's base offense level was agreed to be level thirty-six. Recio then received a two-level reduction pursuant to the Guidelines' 'safety valve' provisions, U.S.S.G. § 5C1.2(a)(1)-(5) & § 2D1.1(b)(7), and a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) & (b). Thus his total offense level was adjusted to thirty-one. With no prior criminal conviction, Recio had a criminal history category of one. Accordingly, Recio's advisory guidelines sentencing range was 108 to

135 months' imprisonment. The District Court noted Recio's offense level, criminal history category, and guidelines range at the sentencing.

The District Court next heard argument on the government's motion for downward departure pursuant to U.S.S.G. § 5K1.1. In the motion, the government recommended a sentence of eighty-six months' imprisonment, representing a twenty-two month departure downward from the low end of Recio's guidelines range, based on its belief that Recio had provided substantial assistance in its criminal investigations. The motion detailed Recio's willingness to testify against his co-defendants, his candor and forthrightness in cooperating with the government, and the reliability of the information he provided. Recio's attorney argued further that Recio's cooperation, despite threats to himself and his family, merited a downward departure of approximately forty-eight months, to result in a sentence of imprisonment in the "sixty month range." After argument, the District Court granted the government's motion, finding that it satisfied the requirements of *United States v. Torres*, 251 F.3d 138 (3d Cir. 2001), and departed downward three offense levels, resulting in an advisory sentencing range of seventy-eight to ninety-seven months.

Next, invoking the sentencing factors set forth in 18 U.S.C. § 3553(a), defense counsel, and Recio himself, asked the District Court to grant a variance from the guidelines range and impose a sentence of sixty months' imprisonment, based on Recio's strong commitment to his children, his family's need for him, and his earnest cooperation

with the government, post-arrest.  In opposition, the government argued that, in light of the § 3553(a) factors, no variance from the advisory range was warranted.

The District Court then pronounced a sentence of 86 months' imprisonment followed by three years of supervised release, and offered a brief explanation of its reasoning.  This appeal followed.

II.

We have jurisdiction to review Recio's sentence under 18 U.S.C. § 3742(a).

In *United States v. Booker*, the Supreme Court held that the statutory provision making the Federal Sentencing Guidelines mandatory was unconstitutional. 543 U.S. 220 (2005).  Consequently, the Guidelines are advisory, and district courts have a renewed discretion in shaping criminal sentences.  *Gall v. United States*, --- U.S. ----, 128 S. Ct. 586, 594, 597-98 (2007).  Federal appellate courts now review sentencing decisions under an abuse of discretion standard.  *Id*. at ----, 128 S. Ct. at 597.  Such review is limited to determining whether a particular sentence is "reasonable."  *Id*. at ----, 128 S. Ct. at 594; *United States v. Cooper*, 437 F.3d 324, 327 (3d Cir. 2006).

Our reasonableness evaluation entails two steps.  First, we must determine whether the District Court exercised its discretion by considering the relevant sentencing factors set forth in § 3553(a), including any non-frivolous arguments raised by the parties related to these factors.  *Id*. at 329, 332.  The factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –
      (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
      (B) to afford adequate deterrence to criminal conduct;
      (C) to protect the public from further crimes of the defendant; and
      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and sentencing range established for –
      (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . .

18 U.S.C. § 3553(a).

The District Court must give meaningful consideration to the § 3553(a) factors, but need not "discuss and make findings as to each [one] . . . if the record makes clear the court took the factors into account at sentencing." *Cooper*, 437 F.3d at 329. The District Court's consideration should encompass "any sentencing grounds properly raised by the parties which have recognized legal merit." *Id*. at 332. Where the record fails to demonstrate adequate consideration of the relevant sentencing factors, the sentence at issue fails "reasonableness" review, and remand is required. *Id*. at 332.

However, if we are satisfied that the District Court meaningfully considered the § 3553(a) factors, we proceed to step two of the reasonableness analysis - a substantive assessment of whether the court's application of the § 3553(a) factors to the circumstances of the case resulted in a sentence that can be characterized as "reasonable," in light of the broad discretion entrusted to the District Court. *Id*. at 330. Part and parcel of this review is an evaluation of the District Court's treatment of any non-frivolous

arguments for variance from the advisory range in light of the § 3553(a) factors. *See United States v. Jackson*, 467 F.3d 834, 841-42 (3d Cir. 2006). Our review is deferential to the District Court's primary role and broad discretion in the sentencing process; "what we must decide is whether the district judge imposed the sentence he or she did for reasons that are logical and consistent with the factors set forth in section 3553(a)." *Cooper*, 437 F.3d at 330 (quoting *United States v. Williams*, 425 F.3d 478, 481 (7th Cir. 2005)). Throughout the analysis, the appellant has the burden of demonstrating the unreasonableness of the sentence imposed. *Cooper*, 437 F.3d at 332.

## III.

Recio argues his sentence is unreasonable because it does not reflect a rational application of the § 3553(a) factors, and because it does "not take into account" his "extraordinary" acceptance of responsibility and substantial assistance to the government.[1] The thrust of his appeal is that the District Court's decision not to grant

---

[1] As an initial matter, we note that Recio's sentence does consider his positive post-arrest conduct. Indeed, in total, Recio benefitted from a six-level reduction in offense level in recognition of his acceptance of responsibility and cooperation with the government. Recio received a three-level reduction from his basic offense level, pursuant to U.S.S.G. § 3E1.1(a) & (b), for his acceptance of responsibility. While under the Guidelines this reduction resulted largely from Recio's timely guilty plea, it nonetheless represents a substantial credit in his sentence for acceptance of responsibility. Moreover, Recio received a downward departure of three additional offense levels when the District Court granted the government's motion under U.S.S.G. § 5K1.1. The basis of this motion was Recio's "substantial assistance" to the government, post-arrest.

him a variance from the advisory Guidelines range was unreasonable.[2]   After a review of

the record, we cannot agree.

As noted in Section I, *supra*, Recio's counsel argued at sentencing that a

variance was warranted due to Recio's good character, as reflected in his acceptance of

responsibility, assistance to the government in the face of threats, and relationship with

his family.  Recio's appeal reiterates these facts, which are pertinent to § 3553(a)(1)

(regarding "the nature and circumstances of the offense and the history and characteristics

of the defendant"), and possibly factor (a)(2) (regarding "the need for the sentence

---

[2] Although Recio additionally argues the District Court "erred in not formally ruling on [his] request for a further departure," this claim is patently without merit.  The record provides no support for the proposition that the District Court's treatment of Recio's request was somehow procedurally deficient.  Rather, the record makes clear that the District Court considered and implicitly rejected Recio's request as to the extent of the departure when granting the government's U.S.S.G. § 5K1.1 motion for downward departure to the extent that it did.  Recio's request came during argument on the government motion.  The District Court heard argument from both parties regarding the proper extent of any departure before ruling on the motion.  The sentencing transcript shows the judge listened closely to Recio's pleas for a departure down to sixty months, understood each of Recio's arguments, and considered them when deciding the motion. *See, e.g.*, Tr. Sent'ng at 13 (Statement of the Court: "I understand your argument.  You're saying there was an element of risk here that's not described in detail in the motion, and I will certainly take that into consideration.").  Indeed, in explaining its decision to grant a three-level departure on the motion (and thus not to grant a sixty month sentence), the District Court explicitly noted that it had considered Recio's arguments.  The District Court plainly considered and rejected Recio's specific departure request in reaching its ultimate decision.  Under these circumstances, no more formal ruling was required. Finally, we note that we do not have jurisdiction to review the extent of a downward departure granted by a district court, in its discretion. *See Cooper*, 437 F.3d at 332-33. Here, Recio was granted a downward departure on the government's § 5K1.1 motion, only not as much of one as he requested.  The extent of this departure is unreviewable. *Id*.

imposed"). We will assess the record to determine the reasonableness of the court's application of these factors.

The record reveals that, prior to hearing argument from counsel on the application of the § 3553(a) factors, the District Court had received and reviewed approximately ten personal letters from members of Recio's family and others. Later, after announcing Recio's sentence, the District Judge explicitly noted his belief that the sentence satisfied the purposes of the various § 3553(a) factors, specifying certain of these, and stated that the sentence was the product of the court's full consideration of the relevant factors. The Judge then discussed particular circumstances from the case which caused him to conclude that Recio "clearly was a prominent player in drug trafficking," including the fact that Recio had arranged to buy large amounts of cocaine and heroin, and had "admitted to being a multi-hundred brick heroin distributor." (App. 54). He also noted certain countervailing facts: Recio's guilty plea in this case, his lack of prior convictions, and his cooperation with the government. The Judge then discussed his efforts to "balanc[e]" the § 3553(a) factors, given "the unique facts of [Recio's] case." He concluded by stating his finding that an eighty-six month sentence of imprisonment was necessary to punish and deter Recio, to reflect the "seriousness" of the crime, and to promote respect for the law. (App. 54).

This record belies Recio's claim that the District Court irrationally applied the § 3553(a) factors to his case. Regarding § 3553(a)(1) ("the nature and circumstances

of the offense and the history and characteristics of the defendant"), the Judge explicitly noted that Recio had committed a "serious" offense. This finding was reasonable, given Recio's role in attempting to orchestrate a drug deal involving forty-five kilograms of cocaine and five kilograms of heroin. This crime carried with it a maximum sentence of twenty years' imprisonment, reflecting a judgment by Congress of its seriousness. The District Court also assessed pertinent aspects of Recio's personal history and character: his participation in the instant offense; admitted prior drug trafficking activities; clean criminal record; and post-arrest acceptance of responsibility and cooperation with the government. The District Court gleaned further insight into Recio's character through reading personal letters from Recio's family members and others. The information before the District Court regarding Recio's history and characteristics was mixed. It was clearly reasonable for the District Court, in its broad discretion, to decline to grant a variance on this basis. We find that the District Court properly addressed the § 3553(a)(1) considerations, including Recio's non-frivolous arguments regarding his character and family, and reasonably applied them to the circumstances of this case.

Regarding the various considerations under § 3553(a)(2) ("the need for the sentence imposed"), the District Court deemed the offense to be serious in nature. As noted above, this was not unreasonable. Nor was anything unreasonable in the District Court's explicit determination that the sentence was necessary to punish Recio, to deter him from future criminal activity, to reflect the seriousness of the crime, and to promote

respect for the law. The Judge could reasonably conclude that these punitive policies were of particular importance in sentencing Recio, who had no prior criminal record but admittedly was a multi-hundred brick distributor of heroin who had arranged to obtain large quantities of heroin and cocaine in the instant case. In its discretion, the District Court could reasonably decide not to grant a variance for these reasons.[3]

Ultimately, Recio's sentence of eighty-six months' imprisonment falls squarely within the sentencing range recommended by the Guidelines, after factoring in all downward departures which Recio received. Although a within-guidelines sentence is not deemed presumptively reasonable in this Circuit, it is "more likely to be reasonable than one that lies outside the advisory guidelines range." *Cooper*, 437 F.3d at 331. And so it is here. The District Court's decision with respect to Recio's sentence appears logical and consistent with the § 3553(a) factors. Accordingly, Recio's appeal will be denied.

------

[3] Regarding the remaining § 3553(a) factors, factor (3) ("the kinds of sentences available"), and (4) ("the kinds of sentence and sentencing range established for [the particular offense and defendant]"), Recio has presented nothing to sustain his burden of showing that the District Court's treatment of these factors was unreasonable.