NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Argued May, 12, 2008
Decided June 17, 2008

*Before*

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-2279

| | |
|---|---|
| UNITED STATES OF AMERICA, | ] Appeal from the United |
| | ] States District Court for |
| *Plaintiff-Appellee,* | ] the Northern District of |
| | ] Illinois, Eastern Division |
| | ] |
| v. | ] No. 04 CR 993 |
| | ] |
| | ] |
| EDMUND HODGES, | ] |
| | ] **Samuel Der-Yeghiayan,** |
| *Defendant-Appellant.* | ] *Judge.* |

## O R D E R

On May 18, 2005, Edmund Hodges was charged in a multi-count indictment related to a bank robbery. Evidence at trial established that Hodges and his co-conspirators abducted a bank supervisor, held him for a couple of days, then returned him to the bank and forced the bank supervisor and another employee to open the vault to retrieve the money. Hodges was convicted on three counts, one of which charged

that Hodges, during and in relation to a bank robbery, used, carried and brandished a firearm in the commission of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2.  Hodges now appeals as to that charge of using a firearm, and also asserts that his sentence is excessive.

Because Hodges does not challenge the convictions on the bank robbery charges, we will discuss the facts only insofar as they are relevant to the use of a firearm conviction. Hodges asserts that there was insufficient evidence to support a conviction on that charge.  In the course of that argument, he also argues that the jury was confused by the instructions.  It is true that the jury submitted a question with respect to the interaction between three instructions, but he raises that only as related to his sufficiency of the evidence charge, and not as a distinct challenge.  He does not identify any caselaw or articulate any legal theory in his opening brief which would indicate that the jury instructions themselves amounted to reversible error.  The instructions at issue advised the jury that if they found Hodges guilty of conspiracy, and found that his co-conspirators committed the offenses in Counts 2 and 4 as a foreseeable consequence of that conspiracy, then the jury should find Hodges guilty of Counts 2 and 4. Jury Instr. # 18.  The other two instructions at issue were the aiding and abetting instruction which required that the defendant "knowingly associate with the criminal activity, participate in the activity and try to make it succeed," Jury Instr. # 24, and the instruction requiring the jury to consider the counts separately, Jury Instr. #32..  The jury sent a question to the court indicating that it believed the three instructions were contradictory, and asking whether if Hodges was guilty of conspiracy, he was automatically guilty of other charges. Hodges' attorney argued that the court should respond that the instructions were sufficient.  The court did so, and the jury returned its verdict.  Hodges does not argue that those instructions were incorrect statements of law, and the court's response was the one requested by Hodges.  There is no evidence that the jury used the wrong standard in determining guilt and no basis to reverse.

Hodges has failed to establish that a reasonable jury could not find guilt beyond a reasonable doubt.  *United States v. Grove*, 470 F.3d 311, 323 (7th Cir. 2006).  Hodges argues that there was insufficient evidence to demonstrate that he either aided and abetted the use of a weapon, or that its use was reasonably foreseeable by a conspirator in the course of the conspiracy.   We need not address the aiding and abetting issue, because we hold that there was sufficient evidence to establish the foreseeable use in the course of the conspiracy.

In *Pinkerton v. United States*, 328 U.S. 640, 647-48 (1946), the Supreme Court made clear that the overt act of a co-conspirator is attributable to all in the conspiracy. The caveat was that the substantive offense of a conspirator is not imputed to co-conspirators unless the offense was committed in furtherance of the conspiracy, and was reasonably foreseeable as a natural or necessary part of the unlawful agreement. *Id.* In this case, there was no evidence that Hodges actually handled a gun, but substantial evidence that a co-conspirator used the gun in order to facilitate the bank robbery and that Hodges was aware that the gun would be used for that purpose. The trial testimony established that Hodges and his co-conspirators, Knight, Pittman, Davis, and Rounsaville, met to plan the kidnapping of the bank supervisor and the robbery of the bank. At that meeting, the conspirators discussed the logistics of the operation, including a discussion of the use of a gun. Moreover, the gun was later used in Hodges' presence. When the bank supervisor was abducted on the street and transported in a van, a gun was displayed and pressed against him, and Hodges was driving the van. In addition, a gun was pressed against the bank supervisor when he was escorted into the bank for the robbery, and Hodges was present in the area and was supervising the operation. That evidence was sufficient for a rational jury to conclude that the gun was used in furtherance of the conspiracy, and that the use was reasonably foreseeable as a part of that conspiracy - - and in fact was a planned part of the robbery.

The final contention raised by Hodges is that the sentence was excessive. Hodges was sentenced to 60 months' imprisonment on Count One and 156 months' imprisonment on Count Two to run concurrently, and to 84 months' imprisonment on Count Four to run consecutively, for a total of 240 months. That sentence was within the Guidelines range and therefore entitled to a rebuttable presumption of reasonableness. *See Rita v. United States*, ___ U.S. ___, 127 S. Ct. 2456, 2459 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Hodges nevertheless contends that it was excessive and therefore that he is entitled to resentencing. Hodges asserts that the court failed to properly consider factors that would militate in favor of a lower sentence, including his relative youth, lack of serious criminal history, his father's occupation as a police officer which could make his prison time more difficult, and his upbringing and lack of prior incarceration which made him less "hardened" and therefore more traumatized by the prison experience. Even if we assume that those factors are relevant, we hold that the record is adequate to establish that the district court properly considered the § 3553 factors in determining the sentence. A district court need not discuss each § 3553 factor. It is enough if the record is sufficient to make it clear that the court was aware of its obligation to consider the factors, and that the court in fact considered them in

determining the proper sentence.  *United States v. Williams*, 425 F.3d 478, 480 (7th Cir. 2005) (there is no need for the court to discuss each § 3553(a) factor individually, as long as it is clear from the court's opinion that it considered the factors in determining the appropriate sentence.)  The record in this case includes an explicit recognition of those factors by the district court, and a discussion of a number of those factors including the need for deterrence, promotion of respect for the law, personal history and background, and protection of the public.  There is no basis for determining that the sentence was excessive.  Accordingly, the conviction and sentence are AFFIRMED.