NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1820
_____

UNITED STATES OF AMERICA

v.

ANUPAM DASS,
                              Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Criminal No. 07-cr-00361-001
(Honorable Yvette Kane)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 13, 2012

Before:  SCIRICA, FISHER and JORDAN, *Circuit Judges*.

(Filed: November 30, 2012)
_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

Anupam Dass appeals his sentence for violating the terms of his supervised

release.  While on supervised release for mail fraud (18 U.S.C. § 1341), Dass was

arrested for and pled guilty to attempted receipt of stolen property.  At his revocation

hearing, the District Court imposed an eighteen-month sentence.  The sentencing

guideline range for a Grade C violation is seven to thirteen months. On appeal, Dass contends the five-month upward variance is procedurally and substantively unreasonable. We will affirm.

I.

In January 2008, while on supervised release for making false statements to the United States Probation Office (18 U.S.C. § 1001), Dass pled guilty to mail fraud (18 U.S.C. § 1341). The court sentenced Dass to thirty-three months' incarceration and three years' supervised release. A condition of his supervised release required Dass to refrain from committing other federal, state, or local crimes.

On September 29, 2011, while on supervised release for mail fraud, Dass was arrested by local law enforcement in Cumberland County, Pennsylvania for attempted receipt of stolen property. Dass purportedly asked a heroin-addicted friend, Jacob Martin, to steal several items from a Giant Foods grocery store. Martin was arrested for shoplifting and cooperated with local law enforcement by arranging a meeting with Dass to deliver the stolen merchandise. Dass was arrested later in the day. Dass pled guilty to attempted receipt of stolen property before the Cumberland County Court of Common Pleas and was released to a federal detainer in order to answer for violating the terms of his supervised released.

At his March 2012 revocation hearing, Dass admitted to the attempted receipt of stolen property. Although he "acknowledged knowing that the items were likely stolen . . . [he explained he] overlooked [this] fact to help his [drug-addicted] friend." Dass also pointed out he was otherwise in compliance with the terms of his supervised release, had

2

maintained a job as a pizza deliveryman, and hoped eventually to work as a male fashion model.

In response, the government highlighted Dass's history of criminal conduct: "From January 2001 through March 2012, [Dass] . . . appeared before [the District Court] on three separate dockets of criminal cases and multiple revocation proceedings." The court acknowledged the suggested sentencing guideline range of seven to thirteen months for the Grade C violation, but imposed an eighteen-month sentence due to Dass's repeated violations of the terms of his supervised release.

## II.

The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3583(e)(3). We have jurisdiction to review Dass's sentence under 18 U.S.C. § 3742(a)(1). We review the sentence imposed for procedural and substantive reasonableness. *United States v. Young*, 634 F.3d 233, 237 (3d Cir. 2011) (citing *United States v. Doe*, 617 F.3d 766, 769-70 (3d Cir. 2010)), *cert. denied*, 132 S.Ct. 204 (2011) (mem.).

Procedural reasonableness requires properly exercised discretion in considering the relevant sentencing factors laid out in 18 U.S.C. § 3553(a). *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006), *abrogated on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007). The court must give meaningful consideration to the § 3553(a) factors, but is not required to discuss each § 3553(a) factor if the record makes clear it took the factors into account at sentencing. *Id.* (internal citations omitted).

To be substantively reasonable, the court must have reasonably applied the § 3553(a) factors to the facts of the case. *Id.* at 330. Our review of the trial court's

3

application of the § 3553(a) factors is deferential. *Id.* (citing *United States v. Bennett*, 161 F.3d 171, 196 (3d Cir. 1998)). "'[W]e will affirm . . . unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided.'" *Young*, 634 F.3d at 237 (quoting *Doe*, 617 F.3d at 769-70) (internal quotation marks omitted).

## III.

Dass raises two arguments on appeal. First, he contends the five-month upward variance imposed by the court is procedurally unreasonable because "the District Court acknowledged the existence of [the § 3553(a) factors] at the revocation proceeding, [yet] the record does not reflect that the factors were meaningfully considered." Essentially, Dass faults the court for failing to explicitly address all of the § 3553(a) factors as well as the other "mitigating" factors he offered at his revocation hearing. Second, he contends his sentence is substantively unreasonable in light of these factors.

## A.

Dass's first argument is unconvincing. Our examination of the record shows the court properly considered all the relevant factors.

With respect to § 3553(a)(1)—"the nature and circumstances of the offense and the history and characteristics of the defendant"—the court stated: "I've considered the offense that brings Mr. Dass once again before the Court and, of course, all of the background information that follows him here," reflecting Dass's history and characteristics. Read in conjunction with the court's subsequent statement regarding Dass's "desire for . . . a more glamorous lifestyle," the above excerpt also suggests the

4

court considered Dass's goal of becoming a male model—one of the "merit-worthy mitigating factors" Dass contends the court ignored.

With respect to § 3553(a)(2)(B)—"the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct"—the court stated:

> I've considered the offense that brings Mr. Dass once again before the Court . . . .
> . . . [H]e has not taken advantage of the supervision that he's been given . . . . This is his third revocation. . . .
> . . . [H]e has returned again and again, usually violating in the same way under circumstances that suggest his [continued] desire for easy money . . . .

The court's emphasis on Dass's repeated violations of the terms of his supervised release demonstrates the five-month upward variance was a result of the court's desire to deter future criminal conduct.

With respect to § 3553(a)(4)—"the kinds of sentence and the sentencing range established for . . . the applicable category of offense"—the court stated: "[O]n the Grade C violation . . . the guideline range is seven to thirteen months. . . . [Yet] [u]nder all the circumstances [discussed above], I believe that a sentence above the guideline range is appropriate." In view of its earlier statements regarding Dass's criminal history, the court considered the suggested guideline range for Dass's most recent offense, but decided an upward variance was appropriate. Since the record provides an adequate explanation for the court's variance from the suggested sentencing guideline range, Dass's eighteen-month sentence is procedurally reasonable.

## B.

Dass's second argument—which we read as an invitation to second-guess the

5

court's well-considered sentence—also lacks merit. "'We are not sentencing judges. . . . [All] we must decide is whether the district judge imposed the sentence . . . she did for reasons that are logical and consistent with the factors set forth in section 3553(a).'" *Cooper*, 437 F.3d at 330 (quoting *United States v. Williams*, 425 F.3d 478, 481 (7th Cir. 2005)). At sentencing, the court clearly explained Dass's repeated violations of the terms of his supervised release lay at the heart of its decision to impose a sentence that exceeded the suggested sentencing guideline range. Accordingly, the court's sentence is substantively reasonable.

IV.

For the foregoing reasons, we will affirm the judgment of conviction and sentence.