NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2216
_____

UNITED STATES OF AMERICA

v.

KENNETH DAMONE SMITH a/k/a McKinley Smith

KENNETH DAMONE SMITH,
                                              Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-99-cr-00359-001)
District Judge:  Hon. J. Curtis Joyner
_____

Submitted Under Third Circuit LAR 34.1(a)
January 11, 2013

Before:  RENDELL, FISHER, and JORDAN, *Circuit Judges*.

(Filed: January 11, 2013 )
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Kenneth Smith appeals an order of the United States District Court for the Eastern

District of Pennsylvania revoking his supervised release and sentencing him to 12

months' imprisonment followed by 2 years' supervised release. For the reasons that follow, we will affirm the judgment of the District Court.

## I.     Background

In June 2000, Smith was tried and convicted of possessing a firearm after having been convicted of a felony, and in 2001 the District Court sentenced him to 120 months' imprisonment and three years' supervised release. In February 2011, Smith was released from prison and placed on supervised release. The following month, the District Court entered an order modifying the terms of the supervised release to require Smith to submit to drug testing and to participate in a drug and alcohol treatment program. Smith waived objection to this modification.

Smith subsequently volunteered for, and was accepted into the District Court's Supervision to Aid Reentry ("STAR") program under the oversight of a magistrate judge. In May 2011, the magistrate judge entered an order requiring Smith to complete 15 hours of community service per week, until he secured gainful employment. Smith did not obtain employment, nor did he complete the required community service. He also continued to use illegal drugs. In June 2011, the magistrate judge entered an order placing Smith in a residential reentry center for 60 days' treatment.

Upon release from the treatment center, Smith was required to attend intake appointments for additional outpatient treatment at another treatment center. He failed to attend his scheduled appointments. In January 2012, Smith failed to submit to a urine test and, because of his continued use of illegal substances, the magistrate judge ordered him to be taken into custody for a period of seven days. After Smith's release, a

2

probation officer attempted to arrange intake for further treatment, but Smith repeatedly failed to make appointments and lied to the probation officer about his attendance. In April 2012, Smith admitted to the reentry court coordinator that he had relapsed to using cocaine, and he submitted a urine sample that tested positive for cocaine. Smith's probation officer reported the violation of supervised release, and a revocation hearing was held.

At the hearing, Smith claimed that he had not ingested cocaine, but "something called cocoa tea" (App at 26). He did, however, admit the balance of the allegations concerning his violations of the terms of his supervised release and of the STAR program. The District Court made no finding as to whether Smith had ingested cocaine prior to giving the April 2012 urine sample, but found that Smith had otherwise violated the terms of his supervised release. Without objection, the Court held that Smith was guilty of a Grade C violation and determined that the advisory Sentencing Guideline range was 8-14 months imprisonment.[1] The Court sentenced him to 12 months' imprisonment, to be followed by two years' supervised release. The Court also directed the Bureau of Prisons to provide a mental health examination and treatment for any exhibited mental health problems, and further required that Smith be evaluated for

---

[1] That guideline range was incorrect. Because Smith had a criminal history category IV and the violation of his supervised release was a Grade C offense, the correct guideline level was 6-12 months. *See* U.S.S.G. § 7B1.4 & app. note 1. This mistake would ordinarily require a remand for resentencing. *United States v. Knight*, 266 F.3d 203, 207-08 (3d Cir. 2001). However, Smith did not object to the guideline range at his revocation hearing, and does not claim plain error in his brief on appeal, and the issue is therefore waived. *United States v. Andrews*, 681 F.3d 509, 532 (3d Cir. 2012). Also, when the District Court imposed the sentence, it referred to the range's correct upper limit of 12 months.

continued treatment and counseling for his mental health and substance abuse problems as a condition of supervised release.

This timely appeal followed.

## II. Discussion[2]

Smith argues that the District Court's sentence of 12 months' imprisonment was procedurally and substantively unreasonable because the District Court did not fully evaluate all of the sentencing factors listed in 18 U.S.C. §3553(a). Specifically, Smith contends that the violations for which he was sentenced are minor and that the District Court did not properly weigh his depression and anxiety as reasons for those violations. Although Smith does not make any clear distinctions between the procedural and substantive unreasonableness of his sentence in his brief on appeal, we address each of those sentencing requirements in turn.

### A. *Procedural Reasonableness*

"To demonstrate that a sentence is procedurally reasonable, a district court must show meaningful consideration of the relevant statutory factors and the exercise of

---

[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We review a district court's sentence upon revocation of supervised release for abuse of discretion. *United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007). We will not disturb the sentence imposed for a violation of supervised release unless it is "plainly unreasonable." *United States v. Blackston*, 940 F.2d 877, 894 (3d Cir. 1991). "Our review for reasonableness proceeds in two stages: (1) First, we ensure that the district court committed no significant procedural error ... [and] (2) if the district court's procedures are sound, we proceed to examine the substantive reasonableness of the sentence." *United States v. Friedman*, 658 F.3d 342, 360 (3d Cir. 2011) (citations and internal quotation marks omitted). "[T]he party challenging the sentence bears the burden of proving the sentence's unreasonableness." *Id.*

4

independent judgment." *United States v. Friedman*, 658 F.3d 342, 360 (3d Cir. 2011) (internal quotation marks omitted). A district court imposing a new sentence in the context of supervised release must weigh the relevant § 3553(a) factors, as directed by 18 U.S.C. § 3583(e), as well as the policies set forth in Chapter Seven of the Sentencing Guidelines. *United States v. Bungar*, 478 F.3d 540, 543-44 (3d Cir. 2007). A sentence is procedurally unreasonable when a district court fails to calculate the Guidelines sentencing range, or calculates the range incorrectly; treats the Guidelines as mandatory; bases a sentence on clearly erroneous facts; or fails to adequately explain the sentence imposed. *Friedman*, 658 F.3d at 360.

The sentence given by the District Court here was procedurally reasonable. The Court calculated the Guidelines range[3] and weighed the § 3553(a) factors, expressly noting the ones it found relevant to Smith's case. Those factors included: (1) Smith's repeated failure to attend appointments and frequent violations of the terms of his supervised release (as well the reasons that Smith offered for those lapses); (2) Smith's history of having served a 10-year sentence following his conviction as a felon in possession of a firearm; (3) Smith's personal characteristics, including his substance abuse and apparent mental health problems; and (4) Smith's failure to take advantage of the Court's attempts to assist him during the course of his supervised release.

Although a sentencing judge is required to state his reasons for the sentence imposed, a lengthy and detailed opinion is not required. *Rita v. United States*, 551 U.S.

---

[3] Even though the District Court calculated the Guideline range incorrectly, *see supra* note 1, the Court cited the range's correct upper limit when it imposed the sentence, and that sentence was within the correct range.

338, 356 (2007). The District Court in this case carefully described its consideration of the § 3553(a) factors and its reasons for imposing the sentence. Because "[t]he record makes clear the court took the factors into account in sentencing," *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006), there is no basis for Smith's claim that the sentence was procedurally incorrect.

B.     *Substantive Reasonableness*

Smith argues on two separate grounds that the District Court's revocation of his supervised release was substantively unreasonable. First, he contends that "revocation is appropriate only on a second violation, after a finding of a violation" (Appellant's Opening Br. at 15), citing a Sentencing Guidelines application note in support of that contention.[4] However, the Guideline itself expressly permits revocation of supervised release "[u]pon a finding of a Grade C violation," U.S.S.G. § 7B1.3(a)(2), and makes no mention of the requirement of a second violation. Moreover, the imposition of a sentence remains within the sound discretion of the District Court. *See Friedman*, 658 F.3d at 360 (noting that a sentence is substantively reasonable "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided" (internal quotation marks omitted)). In this case, the Court determined that revocation of Smith's supervised release, without waiting for a second Grade C violation, would "prevent him from at least abusing any drugs" and would

---

[4] The application note at issue says that "[r]evocation of … supervised release generally is the appropriate disposition in the case of a Grade C violation by a defendant who, having been continued on supervision after a finding of violation, again violates the conditions of his supervision." U.S.S.G. § 7B1.3 app. n.1. Smith incorrectly cites to U.S.S.G. § 7B1.4.

"clean him out and make him available to at least address his mental health problems and any drug problems once he's released from prison." (App. at 30.) We cannot say that that was substantively unreasonable, given the pattern of Smith's behavior while he was on supervised release.

Second, Smith contends that the revocation of his supervised release was substantively unreasonable because the District Court incarcerated him for his controlled substance lapses. That is not accurate. Because the Court could not definitively say that the positive drug test result was due to Smith's ingestion of cocaine, the Court made no finding as to Smith's use of drugs on the occasion in question. Rather, the Court found that Smith had repeatedly failed to comply with the terms of his supervised release and with the requirements of the STAR program, and the Court revoked Smith's supervised release based on that pattern of noncompliance. There was nothing substantively unreasonable about the Court's decision in that regard.

III.    Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.