**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 13-3517

———

UNITED STATES OF AMERICA

v.

KENNETH DAMONE SMITH
a/k/a McKinley Smith

Kenneth Smith,
                    Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Crim. No. 2:99-cr-00359-001)
District Judge: Honorable Curtis Joyner

———

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 12, 2014

Before: FISHER, VAN ANTWERPEN, and TASHIMA[*], *Circuit Judges*

(Filed: June 13, 2014)

———

OPINION OF THE COURT

———

VAN ANTWERPEN, *Circuit Judge*.

---

[*] Hon. A. Wallace Tashima, Senior Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

Appellant Kenneth Smith ("Smith")[1] was sentenced by the United States District Court for the Eastern District of Pennsylvania to 12 months and one day of imprisonment, pursuant to 18 U.S.C. § 3583(e)(3), upon the revocation of his supervised release for violating its conditions. Claiming the revocation and the corresponding sentence imposed was procedurally and substantively unreasonable, he now appeals. For the reasons that follow, we will affirm the sentencing decision of the District Court.

## I. Facts

As we are writing to the parties, we briefly recite only the relevant facts below. Smith was convicted by jury trial on February 18, 2000 as a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and sentenced to 120 months' imprisonment and three years' supervised release.[2] Smith commenced his supervised release on February 10, 2011, upon the completion of his term of imprisonment. Conditions of Smith's supervised release included: (1) submission to a drug test 15 days after release and two periodic drug tests thereafter, (2) participation in a drug and alcohol treatment program, and (3) refraining from possession and/or use of drugs. Later, the District Court imposed a further condition requiring participation in 15 hours of community service weekly, until gainful employment was secured.

---

[1] Smith has gone by a number of aliases, including: McKinley Damone Smith, Kenneth Damone Smith, Kenneth Smith, Kenney Smith, Kenny Smith, Kenneth Damond Smith, and Kennth Smith.

[2] Smith was arrested following the execution of a warrant at his residence stemming from an armed robbery in which he took a firearm. During the execution of the warrant, Smith was found to be in possession of guns, which had been stolen from a neighboring residence.

During the first year of supervised release, after Smith voluntarily began the "intensive supervision" of the Supervision to Aid Reentry ("STAR") program, he violated the conditions of his release on June 22, 2011 and again on January 11, 2012 for continuing to use illegal substances.[3] (App. vol. II at 30.) Despite a brief detention imposed by the District Court, further violations continued,[4] and on April 12, 2012, the United States Probation Office petitioned for a revocation of his supervised release. Following a hearing, the District Court found a Class C violation and revoked Smith's supervised release. He was subsequently sentenced to 12 months' imprisonment and an additional two years' supervised release.[5]

Smith recommenced his supervised release on April 11, 2013. Again, he violated the conditions of his release, leading to a second revocation petition on July 5, 2013, now at issue on appeal.[6] A hearing was held during which Smith and his attorney sought

---

[3] His June 22, 2011 violation also included failure to complete community service. For this violation Smith was placed in a Residential Reentry Center ("RRC") for 60 days. After his January violation, during which Smith refused to submit a urine sample, he was placed into custody for seven days.

[4] The "Violation of Supervised Release" petition lists further reasons seeking revocation:

1. April 12, 2012: urine sample that was presumptively positive for cocaine.
2. Failure to attend Intensive Outpatient Treatment.
3. Missing appointments with his probation officer on six occasions.

(App. vol. II at 30-32.)

[5] Smith appealed this imposition and we affirmed the decision of the District Court on January 11, 2013. *See United States v. Smith*, 510 F. App'x 145 (3d Cir. 2013).

[6] The second Violation of Supervised Release Petition, noted violations, including:

1. Four failures of drug urinalyses, detecting cocaine and marijuana.
2. Twice missing urine tests.

3

mental health treatment in lieu of additional imprisonment.[7] The District Court, on August 6, 2013, sentenced Smith to a term of imprisonment of 12 months and one day,[8] without further supervised release; this appeal followed.

## II. Standard of Review[9]

Our review of a district court's sentence after revocation of supervised release is typically for abuse of discretion. *United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007). In doing so, we review the legal conclusions regarding the United States Sentencing Guidelines *de novo*, and factual findings for clear error. *United States v. Blackmon*, 557 F.3d 113, 118 (3d Cir. 2009); *see also* 18 U.S.C. § 3583(e)(3) (revocation is appropriate if a district court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release"). Where, however, a defendant claims an error for the first time on appeal, we review for plain error. *United States v. Berger*, 689 F.3d 297, 299 (3d Cir. 2012). Under a plain error review, there must be an "(1) error, (2) that is plain, and (3) that affect[s] substantial rights. If all three conditions

---

3. Caught attempting to dilute a presumptively positive cocaine test with bleach, then again testing positive the following day.
4. Failure to attend a mental health intake appointment, a condition of his supervised release.
5. A missed office visit with his Probation Officer.
6. Failure to pay $50/month towards his fine and special assessment.

(App. vol. II at 4-6.)

[7] The United States offers the fact that during the hearing Smith, through his attorney, asked for the sentence subsequently imposed by the District Court.

[8] This sentence, taking Smith's requests into account, included a recommendation for mental health treatment during his incarceration.

[9] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

4

are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 467 (1997) (internal citations omitted) (internal quotation marks omitted).

We review the sentence imposed for both procedural and substantive reasonableness, and the Appellant bears the burden of demonstrating the sentence imposed was unreasonable. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). Finally, we will not disturb the sentence imposed for a violation of supervised release unless it is "plainly unreasonable." *United States v. Blackston*, 940 F.2d 877, 894 (3d Cir. 1991).

### III. Discussion

On appeal, Smith now challenges the procedural and substantive reasonableness of his sentence following the revocation of his supervised release. Specifically, Smith contends that the District Court erred procedurally by failing to consider the 18 U.S.C. § 3553(a) factors, and substantively by, after applying the facts to the relevant factors, imposing a sentence of imprisonment instead of considering alternative dispositions such as drug treatment for his addiction.

We begin our analysis with the statutory provision allowing or requiring a district court to modify or revoke supervised release. Pursuant to 18 U.S.C. § 3583(e)(3), the court may, after considering the § 3553(a) factors,

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit

5

for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than . . . 2 years in prison if such offense is a class C or D felony, or more than one year in any other case.

*Id.* § 3583(e)(3). This revocation allowance becomes mandatory when, as in this case, the defendant "refuses to comply with drug testing imposed as a condition of supervised release" or "as a part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year." *Id.* § 3583(g)(3)-(4); *see also* 18 U.S.C. § 3565(b)(4). Revocation is further encouraged by the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). U.S.S.G. § 7B1.3 cmt. 1 ("Revocation of probation or supervised release generally is the appropriate disposition in the case of a Grade C violation by a defendant who, having been continued on supervision after a finding of violation, again violates the conditions of his supervision.").

A district court sentencing a defendant upon revocation of supervised release under § 3583(e) must consider the policy statements in Chapter 7 of the Guidelines and the sentencing factors enumerated in § 3553(a). *Blackston*, 940 F.2d at 893. Under Chapter 7 of the Guidelines, "[u]pon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision." U.S.S.G. § 7B1.3(a)(2). Revocation is emphasized when the defendant is a repeat offender. *Id.* cmt. 1. Once revoked, U.S.S.G. § 7B1.4 sets forth ranges of imprisonment based upon the defendant's grade of

violation and criminal history category.[10] This range, however, is merely advisory. *United States v. Dees*, 467 F.3d 847, 853 (3d Cir. 2006) (citing *Blackston*, 940 F.2d at 893) ("[A] district court may consider the Sentencing Guidelines revocation table in U.S.S.G. § 7B1.4(a), which even before *Booker* was advisory.").

As required by § 3583(e), a district court must also give the § 3553(a) factors "meaningful consideration" prior to imposing a sentence. *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338, 346 (2007). When imposing a sentence after revocation of supervised release, however, there is no requirement a district court make specific findings with respect to each § 3553(a) factor considered. *Blackston*, 940 F.2d at 893-94. "The court need not . . . discuss a defendant's clearly nonmeritorious arguments, or otherwise 'discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing.'" *Bungar*, 478 F.3d at 543 (quoting *Cooper*, 437 F.3d at 329).

We will address both procedural and substantive reasonableness in order, reminding ourselves the party challenging the sentence bears the burden of proving it was unreasonable. *United States v. King*, 454 F.3d 187, 194 (3d Cir. 2006).

### A. Procedural Reasonableness

We begin by undertaking plain error review of the procedural reasonableness of the sentence by the District Court:

---

[10] Smith committed Grade "C" violations of his supervised release and had a criminal history category of IV, which calculates to a range between 6-12 months.

> [We] must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.

*Gall v. United States*, 552 U.S. 38, 51 (2007). If meaningful consideration has been given by the District Court, our review is highly deferential, as the central inquiry "is whether the district judge imposed the sentence he or she did for reasons that are logical and consistent with the factors set forth in section 3553(a)." *Cooper*, 437 F.3d at 330 (quoting *United States v. Williams*, 425 F.3d 478, 481 (7th Cir. 2005)).

We turn to the transcript to determine whether the District Court adequately analyzed the § 3553(a) factors. While terse statements summarizing the factors have been enough in prior cases,[11] *see, e.g., Blackston*, 940 F.2d at 894, this Court has also found analyses insufficient when improperly articulated, *see United States v. Jackson*, 467 F.3d 834, 842 (3d Cir. 2006) ("Merely reciting the § 3553(a) factors, saying that counsel's arguments have been considered, and then declaring a sentence, are insufficient to

---

[11] The District Court in *Blackston* offered two reasons for its decision to sentence Blackston to three years' imprisonment rather than two after revoking his supervised release.

> I want [to send a] message . . . that this kind of activity is going to be dealt with swiftly[,] . . . and for those who get involved in drugs, they risk going to jail for a long period of time.
> Even if [they] get out on supervised release there's a long rope that will reach out for a long period of time so [that they] can be dragged in here to account for [their] activities.

Both of these reasons were considered "cognizable" under 18 U.S.C. § 3553(a). 940 F.2d at 894 (alterations in original).

withstand our reasonableness review."); *see also United States v. King*, 454 F.3d 187, 196-97 (3d Cir. 2006) (stating that district courts "should observe the requirement to state adequate reasons for a sentence on the record so that this court can engage in meaningful appellate review").

This was Smith's second revocation hearing before the same District Court and Judge in the span of two years.[12] His violations were well documented and known by the Court, and he admitted to them during the colloquy.[13] *United States v. Broce,* 488 U.S. 563, 569 (1989) (noting that when a party admits to violations of a supervised release, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and

---

[12] Smith was first before the United States District Court for a prior revocation hearing on April, 19, 2012. This Circuit subsequently held the District Court acted both procedurally and substantively reasonably in sentencing Smith to 12 months' imprisonment and additional supervised release. *See Smith*, 510 F.App'x at 148 ("The District Court in this case carefully described its consideration of the § 3553(a) factors and its reasons for imposing the sentence.").

[13] The relevant transcript excerpt:

> [The Court]: Mr. Smith, obviously you know why you're here this morning?
> [Smith]: Yes.
> [The Court]: And that's because there's been a petition that has been filed indicating that you have not complied with your supervised release; is that right?
> [Smith]: Yes, sir.
> [The Court]: And you understand what the allegations are in that petition?
> [Smith]: Yes, sir.
> [The Court]: And do you admit being in violation of your supervised release?
> [Smith]: Yes, sir.
> [The Court]: Very well. Pursuant to your admission, this Court finds you in violation of your supervised release.

(App. vol. II at 40.) Smith again voluntarily admitted to his violations multiple times during the colloquy. (E.g. *Id.* at 43 ("Q. And you admit being in violation? A. Yes.").)

voluntary"). Smith's attorney discussed the petition with him, laying out his violations, most notably four failed drug tests between May and June of 2013, requiring mandatory imprisonment. *See* 18 U.S.C. §§ 3565(b)(3)-(4), 3583(g); *see also* U.S.S.G. § 7B1.3 cmt. 1. Finally, the District Court, on multiple occasions during the colloquy, ensured Smith understood the nature of the proceeding and why he was in the courtroom.

The District Court also took into meaningful consideration the § 3553(a) factors in its decision.[14] It ensured a recommendation for mental health treatment and discussed the nature and characteristics of Smith, highlighting that revocation is imposed "primarily to sanction the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." *Bungar*, 478 F.3d at 544 (quoting *Dees*, 467 F.3d at 853) (internal quotation marks omitted).

> [The District Court]: I take it that while you were under supervision, [the Probation Officer] was trying every way he could to help you and assist

---

[14] The 3553(a) factors include:

> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
> **(2)** the need for the sentence imposed[;]
> . . . .
> **(3)** the kinds of sentences available;
> **(4)** the kinds of sentence and the sentencing range established[;]
> . . . .
> **(5)** any pertinent policy statement[;]
> . . . .
> **(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> **(7)** the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

you in getting treatment so that you would stay out of these situations that bring you into court today.

[Smith]: Yes.

[The District Court]: And you failed to do that; is that correct?

. . . .

[Smith]: Yes.

(App. vol. II at 46-47.) Furthermore, the District Court applied a sentence that took into consideration the kinds and range of sentencing available, varying from the Guideline range only at Smith's request. Thus, we find the District Court did not commit plain error because its sentencing determination was procedurally reasonable.

## B. Substantive Reasonableness

Having found the decision of the District Court to be procedurally reasonable, we now turn to the substantive reasonableness of the sentence. A sentence is substantively reasonable where a district court "reasonably applied [the § 3553(a)] factors to the circumstances of the case." *Bungar*, 478 F.3d at 543. Again, we must recognize the primary purpose of revocation and sentencing is to sanction Smith's breach of trust and to take into consideration his prior criminal history. *Id.* at 544 (citing *Dees*, 467 F.3d at 853).

The advisory Guidelines range for Smith was 6-12 months. The District Court originally imposed a sentence of 12 months, with no supervised release to follow. The District Court only departed from the Guidelines range at the request of Smith. (App. vol. II at 44-45 ("[Smith] asked that, if possible, if he's going to be violated with a year of incarceration, if he could get a year and a day.").) Further, the District Court took into consideration Smith's request for mental health treatment in its recommendations and

11

order. The District Court did not commit plain substantive error in its sentencing of Smith. At bottom, the District Court considered and applied the facts to the § 3553(a) factors, and thus the sentence of 12 months and one day imposed was substantively reasonable.

## IV. Conclusion

For the foregoing reasons, we affirm the decision of the District Court to revoke supervised release and sentence Smith to 12 months and one day imprisonment.